GEORGE JEPHERSON *vs.* CHARLES H. TUCKER *et als.*

A material-man furnished lumber to a firm of contractors both before and after February 10, 1893, to be used in the repairs and alterations of the respondents' house. By the contract between the contractors and the respondents for repairing and altering the house. the contractors were to be paid in instalments as the work progressed. February 10, 1893, the material-man, in order to enable the contractors to obtain from the respondents payment of an installment which had been earned, executed a paper of that date purporting to release all his "right of lien, title and interest in and to the estate" (describing it) "for material furnished and labor performed on said house for" the contractors.

*Held,* that the paper was not prospective in its operation, but is to be construed as a waiver merely of the right to claim a lien for materials furnished prior to its date.

PETITION for a mechanic's lien.

*December* 18, 1893. MATTESON, C. J. This is a petition for a lien. The petitioner furnished to E. J. Damon & Co., lumber to be used in the repair and alteration of a house belonging to the respondents, situated at 198 Pine street in Providence. By the provisions of the contract between Damon & Co. and the respondents for repairing and altering the house, Damon & Co. were to be paid in instalments at different stages of the work. Before the delivery of the lumber for which the lien is claimed, the petitioner had furnished other lumber for the repairs and alterations to the amount of from three to four hundred dollars. On or about February 10, 1893, the contractors called on the respondents for a payment which the latter declined to make unless the contractors would obtain from the different mechanics em-

ployed in the work and from the material-men who had fur-
nished materials, a release of their rights to liens.    For the
purpose of enabling Damon & Co. to obtain this payment,
the petitioner signed a paper, of which the following is a
copy:

"PROVIDENCE, R. I. February 10, 93.

"*To whom it may concern:*—For value received, we here-
by release all our right of lien, title and interest in and to
the estate situated at No. 198 Pine Street in the City of Prov-
idence, in the State of Rhode Island, for material furnished
and labor performed on said house for E. J. Damon & Com-
pany, Contractors."

The respondents on the receipt of this paper made a pay-
ment to the contractors, who paid the petitioner for the lum-
ber furnished prior to February 10, 1893.    Subsequently, the
petitioner furnished other lumber amounting to $178.17, for
which he has not received payment, and for which he claims
a lien.    This lien he seeks to enforce by the present pro-
ceeding.

At the hearing the respondents introduced the paper pur-
porting to be a release, referred to above, as having been
signed by the petitioner.    They contended that the petitioner
was not entitled to a lien because he had thereby released or
waived his right to a lien.    The petitioner in reply insisted
that the release or waiver applied only to the lumber fur-
nished prior to its date.

The question thus presented is whether the operation of
the waiver is to be limited to materials furnished prior to its
date, or whether it was prospective in its operation and ap-
plied to materials subsequently furnished.

We are of the opinion that the paper is to be construed as
a waiver merely of the petitioner's right to claim a lien for
materials furnished prior to its date..    It contains no language
which is prospective.    It releases " all our right of lien, title
and interest;" that is all right of lien, title and interest
which the signer then had; not any which he might there-
after acquire.    Again, it is all our right of lien, &c., "for
material furnished," not for material to be furnished.    In

this respect the case is very different from *Brown* v. *Williams*, 120 Pa. St. 24, relied on by the respondents, in which the defendants in error had filed a claim for a lien for a balance due them for laying bricks in the construction of several dwelling houses. These houses were built to sell, and in order to enable the owner to make sale of them as opportunity offered, the mechanics and material-men, during the progress of the work, executed to him a release of "all and all manner of liens, claims and demands whatsoever which we or any or either of us now have or might have or could have in or against said buildings and premises for work done or for materials furnished for the erecting and constructing the said buildings," "so that he the said Samuel H. Brown (the owner), his heirs and assigns, shall and may have, hold and enjoy the said buildings and premises freed and discharged from all liens, claims and demands," &c. In view of the prospective language of this release, and of the fact that the purpose of the release was to enable the owner to sell the houses as opportunity offered, the court properly found and held that such a release was an unconditional agreement to look to the personal responsibility of the owner and not to the structures; and that, though made during the progress of the work, it was operative to discharge the buildings from mechanics' liens as effectively as though made after completion, and for labor done and materials furnished after its execution as well as before. A moment's consideration suffices to show that this is a much stronger case against the material-man than the case at bar.

We think, too, that the construction which limits the waiver in the present instance to materials furnished prior to its date is strengthened by the fact that Damon & Co. were to receive payments from time to time as the work progressed, and by the fact that the waiver was signed at a time when one of the instalments had been earned in order to enable the owners to pay it without incurring the risk of loss from liens for materials theretofore furnished or labor theretofore performed. Before making subsequent payments, the respondents had it in their power to require the execution of other

releases or waivers if they had deemed them necessary for their protection.

*George A. Jepherson*, for petitioner.

*Warren R. Perce*, for respondents.