BLITZ *v.* FIELDS.

115  675
116   64

115  675
s 118   85

MECHANICS LIENS—SUBCONTRACTORS—NOTICE OF CLAIM—PAYMENT TO CONTRACTOR.

The failure of a subcontractor to serve upon the owner of the premises a detailed statement of his claim for material within 10 days after the same was furnished, as provided by section 1 of the lien law of 1891 (Act No. 179, Pub. Acts 1891), would not relieve the owner from liability therefor, where he paid to the contractor the full contract price without requiring of him the sworn statement as to the claims of sub-contractors, laborers, and material men, provided for by section 4 of the act.

Appeal from Wayne; Hosmer, J. Submitted January 6, 1898. Decided February 16, 1898.

Bill by Louis Blitz against Lorenzo D. Fields, impleaded with Michael Schuh, to enforce a mechanic's lien. From a decree for complainant, defendant appeals. Affirmed.

*Moore & Moore*, for complainant.

*James H. Pound*, for defendant.

LONG, J. On June 6, 1892, defendant Fields owned certain land in the city of Detroit, described in complainant's bill, and on that day entered into a contract with defendant Schuh for erecting a building thereon. In August following, complainant, as subcontractor, furnished to said Schuh labor and material to complete the house under the contract, to the amount of $118.43. Complainant's work began August 20th and terminated August 25th. It is claimed by complainant that, within 10 days after the completion of the work, he served on defendant Fields a detailed statement of the goods so sold. This is denied by defendant Fields. September 20th complainant

filed in the register of deeds' office a lien upon the land in question. The next day he caused a copy of this lien to be served on defendant Fields, and on October 7th he filed in the register's office proof of this service. October 8th the bill of complaint in this cause was filed. Defendant Schuh did not appear, and the bill was taken as confessed against him. Defendant Fields appeared and answered, claiming that he had paid the original con. tractor in full. On the hearing in open court, the foregoing facts appeared from the testimony, and it appeared that the defendant, almost immediately after the work was finished, paid the defendant Schuh the balance of $200, which was then due him, without securing an affidavit from Schuh, as required by Act No. 179, Pub. Acts 1891, but paid it on the verbal assurance of one of Schuh's creditors that he (the creditor) would protect him (Fields) against any unpaid claims.

It is the claim of counsel for defendant that the complainant did not serve upon the owner of the premises a detailed statement of the claim within 10 days after the material was furnished, as provided by section 1 of the act, and that, therefore, defendant might pay the contractor without becoming liable to material men and for labor; that the owner was informed by the contractor that the claim of complainant was paid; that the payment by the owner to the contractor was without notice of complainant's claim. It is further contended that the owner did not pay until after the work was completed, and when there was no reason why he should withhold payment. In other words, it is contended that, notwithstanding the provisions of section 4 of the act, the owner has the right to pay the contractor the full amount of the contract price, unless each material man shall, within 10 days after the sale of the material to the contractor, serve on the owner, etc., a fairly detailed statement of the goods so sold, etc. But it was held by this court in *Smalley* v. *Ashland Brown-Stone Co.*, 114 Mich. 104, that this provision of section 1 of the act is for the protection of the

subcontractor or laborer, and is not a condition to the lien attaching. Counsel seeks to distinguish that case from the present by the fact that that case arose under the act of 1893; but the same provision is found in both statutes, and we think the case is not distinguishable.

It is provided by section 4 that the owner may demand of the contractor a sworn statement before making payments to him, giving the substance of what shall be contained in this sworn statement. It is then provided by that section:

"Until the statement provided for in this section is made, in manner and form as herein provided, the contractor shall have no right of action or lien against the owner * * * on account of such contract, and any payments made by the owner * * * before such statement is made, or without retaining sufficient money, if that amount be due or is to become due, to pay the subcontractors, laborers, or material men, as shown by the statement, shall be considered illegal, and made in violation of the rights of the persons intended to be benefited by this act, and the rights of such subcontractors, laborers, and material men to a lien shall not be affected thereby."

It is shown that no such sworn statement was made or demanded by the owner. He claims to have paid the full contract price, paying $200 after the material furnished by the complainant had been put into the building. The defendant's contention cannot be sustained. The owner paid at his peril.

The court below very properly found that the complainant had the lien claimed, and decreed accordingly. That decree must be affirmed, with costs to the complainant.

The other Justices concurred.