GREEN BAY CUT STONE CO. v. FABRY.

1. MECHANICS' LIENS—EVIDENCE—PLEADING—BILL OF COMPLAINT AS EVIDENCE.

Notwithstanding the provisions of Chancery Rule 10, subd. *a*, providing that neither a sworn bill nor a sworn answer shall have the force of evidence except as to admissions and except on motions, etc., a sworn bill offered in evidence in proceedings to enforce a mechanic's lien, not denied by answer under oath, established a *prima facie* case. 3 Comp. Laws, § 10719.

2. SAME—WAIVER—EFFECT OF CLAUSE WAVING SWORN ANSWER —EQUITY.

The right to rely on the averments of the bill, verified as required by statute, was not lost by ncluding therein a clause waiving sworn answer.

3. SAME—NOTICE OF SUBCONTRACTOR—CLAIM.

Where the owner of property on which complainant had provided building materials paid out to the other claimants

funds remaining in its hands, knowing that complainant remained sole lien claimant after receiving from one of the principal contractors a statement on oath showing that complainant had a claim for an unstated sum, besides other materialmen named, complainant's lien was not defeated by its failure to serve the preliminary notice required by 3 Comp. Laws, § 10710, which was enacted to protect the subcontractor or laborer, and is not a condition precedent to the lien.

Appeal from Menominee; Flannigan, J. Submitted January 26, 1912. (Docket No. 83.) Decided March 29, 1912.

Bill by the Green Bay Cut Stone Company against Louis Fabry and others for the enforcement of a mechanic's lien. From a decree for defendant, complainant appeals. Reversed.

*Michael J. Doyle* (*John E. Tracy*, of counsel), for complainant.

*John J. O'Hara*, for defendant Fabry and others.

*F. J. Trudell*, for defendant First National Bank.

BLAIR, J. This is an action for foreclosure of a mechanic's lien. The evidence is undisputed and shows the following facts:

The defendants Louis Fabry and Pinchard brothers were the general contractors for the erection of a building for the First National Bank of Menominee, and the complainant was a subcontractor under them. Some time in May, 1909, the last work was done upon said building, and on July 3, 1909, complainant filed in the office of the register of deeds a statement of lien in the form provided by statute (section 10714, 3 Comp. Laws), and on the same day served a copy thereof upon the cashier of the bank, who represented the bank in the matter. At that time, there was due to complainant on its contract the sum of $1,030.55 and for extras, $121. The claim for extras was subsequently abandoned. At the time of the

serving and filing of the lien statement, the bank was indebted to the principal contractor in the sum of $3,104.43. On July 16, 1909, a meeting was held, at which there were present the cashier of the bank, the principal contractor, and Mr. Navarre, the general manager of the complainant corporation. At that time, the statutory period for the filing of subcontractors' liens had expired, and the only subcontractor claiming a lien was the complainant. All other subcontractors had executed waivers. On that day, the cashier of the bank paid out to various subcontractors, on orders of the principal contractor, all of the said sum of $3,104.43, with the exception of $400. The cashier paid the complainant on that day the sum of $830.55, leaving a balance of $200 still due complainant. The bank held up the sum of $400, because that amount was claimed from the contractor by the architect on some deal between them. Later, without the consent of the complainant, the bank paid to the architect this $400. The complainant, prior to filing its lien statement, had not served any preliminary notice under section 10710, 3 Comp. Laws.

On May 16, 1909, the defendant Fabry furnished to the bank a statement purporting to be a statement of debts owing to subcontractors and materialmen, under section 10713, 3 Comp. Laws, and on May 25, 1909, the defendants Pinchard brothers furnished a similar statement. Both these purported to have been sworn to before a notary public in Green Bay, Wis.; but there was no certificate attached or other evidence in the case to show the official character of such notary public, except the imprint of an official seal. Of these statements, the one furnished by Fabry contained the name of complainant as a subcontractor, with the amount of its indebtedness left blank, and the name S. Navarre, with a statement of indebtedness of $700. The statement of Pinchard brothers did not contain the name of either complainant or Navarre. It was proved that S. Navarre had no connection with such contract or with the work on such build-

ing, except as general manager of complainant company.

Complainant, to prove its case, offered in evidence, under the statute (section 10719, 3 Comp. Laws), its verified bill of complaint filed in the cause, which bill of complaint was received in evidence, without objection, as constituting complainant's proofs. Such bill of complaint was in the usual form and set forth all the necessary facts to establish a mechanic's lien upon the property described. After the case had been submitted to the court upon briefs of counsel, the learned circuit judge filed an opinion, dismissing the bill as to the defendant First National Bank, on the ground that complainant had failed to prove that its lien statement was filed within 60 days after the performance of the work. Upon the attention of the circuit judge being called to the allegations of the verified bill of complaint which had been offered in evidence, he reconsidered the case, and then filed a supplemental opinion, holding that the bill could not be considered as evidence, because there was contained therein a waiver of answer under oath. Complainant appeals to this court.

As stated in complainant's brief, the questions before the court are:

*First.* Did complainant establish a *prima facie* case by the introduction in evidence of its verified bill of complaint?

*Second.* Is the complainant barred from a lien by its failure to serve a preliminary subcontractor's notice under section 10710, 3 Comp. Laws?

We have not been favored with a brief in behalf of defendants.

*First.* Section 10719, 3 Comp. Laws, provides that—

"Proceedings to enforce such lien shall be by bill in chancery, under oath * * * and all bills sworn to shall be evidence of the matters therein charged unless denied by answer under oath."

The general practice relative to the effect of sworn answers was materially altered by Chancery Rule 10, subd. *a*, which provides that—

" Whenever in a cause a sworn bill of complaint is filed and a sworn answer demanded, the defendant shall be required to file such sworn answer.   But neither a sworn bill nor a sworn answer shall have the force of evidence except as to admissions, and except on the hearing of motions and petitions.   Provided, however, that when a cause is heard on bill and answer, the allegations of the answer shall be taken as true."

If, therefore, complainant had demanded a sworn answer, neither his bill nor the sworn answer would have had any effect as evidence under the general practice.   It is only by virtue of the express provisions of the statute that the bill has such effect, and decisions under the general practice, prior to rule 10, as to the effect of waiving an answer are irrelevant.   The statute alone provides how the effect of the sworn bill as evidence may be obviated.

*Second.* It appears from the testimony of the cashier of the bank that at the settlement on July 16th, after complainant's lien had been filed and a copy served on him, there was $3,104.43 still due on the contract:

"That waiver of lien was signed by Navarre for the Green Bay Cut Stone Company.   It excepts from its operations the sum of $200, which is the amount claimed here.   The other waivers of lien were given to me the same date, at the same time these moneys were paid.   On the 11th day of July, the Green Bay Cut Stone Company had informed me that it then claimed a balance of $1,038.55 for its work and labor on the bank building.   These other creditors had also been notified of their claims.   The other creditors executed the waiver of their claims.   But the Green Bay Cut Stone Company, in the waiver of claim that they gave me, excepted therefrom this $200.   Other liens beside this one have been filed on the bank.   All these have been paid in full.   *   *   *   Mr. Navarre received $830.55.   Mr. Fabry claimed at that time that the bank owed him, in addition to the amount paid by honoring these drafts, the sum of $400.   At the same time, Mr. Navarre claimed there was still coming to him $200 from Fabry or the defendants.   The way that came about is this:   The amount that was held back was for a bill that Fabry disputed, and he turned around to Navarre

and said, 'You stand $200 of that, and I will stand the other $200 and some odd dollars.' There was no adjudication or settlement of that claim, but $400 was allowed to remain with the bank; it being understood that of that $400 Mr. Navarre claimed that he was entitled to $200."

This provision relative to a preliminary notice "is for the protection of the subcontractor. or laborer, and is not a condition to the lien attaching." *Smalley* v. *Brown-Stone Co.*, 114 Mich. 104 (72 N. W. 29).

The bank paid out the $400 with full knowledge of complainant's claim; the principal contractor admitted its correctness; and complainant was the sole lien claimant. Under such circumstances, the failure to file the preliminary claim afforded no protection to defendant bank.

The decree is reversed, and a decree may be entered in favor of complainant in pursuance of this opinion.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.