## Mayer et al. v. Nemeth et al.

*Mechanics' liens — Materialman — Affidavit filed and copy furnished owner — Notice to owner unnecessary, when — Sections 8313 and 8314, General Code, construed.*

A materialman who has furnished material to a general contractor for use in constructing a house for the owner, and who has filed within the statutory period an affidavit and served a copy thereof upon the owner, as provided in Sections 8314 and 8315, General Code, will not be deprived of the fruits of his efforts and his lien will not be held invalid because he has not furnished the notice provided for in Section 8313, General Code.

(Decided June 13, 1919.)

Appeal: Court of Appeals for Cuyahoga county.

Messrs. *Bulkley, Hauxhurst, Saeger & Jamison,* for plaintiffs.

Messrs. *E. C. & Geo. H. Schwan,* for defendants.

Dunlap, J. These cases are here on appeal from the court of common pleas. Inasmuch as the cases are submitted upon an agreed statement of facts, there is involved only the law applicable to those facts, and the whole matter at issue may be very simply stated in the form of a question, viz: Will a materialman who has furnished materials to a general contractor for use in constructing a house for the owner, and who has filed a lien within the statutory time and duly served the notice of same upon the owner, as provided for by Sections 8314 and 8315, General Code, be deprived of the fruits of his efforts, and his lien held invalid, because

he has not furnished the notice provided for in Section 8313, General Code? We shall not enter into any long discussion of the mechanic's lien law of Ohio in attempting to answer this question.

To us it seems plain that the question should be answered in the negative; that the notice provided for under Section 8313, General Code, is not intended as a prerequisite to the attaching of a lien; that it is intended only as an extra safeguard to the materialmen, subcontractors and laborers, to protect them from the consequences of being left off the contractor's affidavit.

The provision of Section 8312, General Code, to the effect that any payments made by the owner to a general contractor before he has received affidavits from the general contractor, shall be made at his peril, admits of no interpretation which will excuse the owner from requiring such affidavits. Our holding here is in accord, we believe, with the holdings in similar cases, both in this state and others having similar provisions in their mechanic's lien laws, and the question here presented is hardly a debatable one, since the dictum of this court through Meals, J., in the case of *Schraff* v. *Brennan,* No. 1362, decided February 14, 1917.

A holding exactly similar to the one we are making here was made by the supreme court of Michigan in applying a section of its mechanic's lien law practically identical with the one under consideration. It will be sufficient to simply refer to it, *Smalley* v. *Ashland Brown Stone Co.,* 114 Mich., 104.

This decision was followed later in the case of *Blitz* v. *Field,* 115 Mich., 675. We experience no

difficulty in reaching a similar conclusion in applying our own law.

It follows that a decree may be drawn foreclosing the liens and granting the relief prayed for.

*Decree accordingly.*

Washburn and Vickery, JJ., concur.