NETTING CO. *v.* BERKE.

1. MECHANICS' LIENS — NOTICE BY CONTRACTOR SUFFICIENT TO SUPPORT CLAIM BY SUBCONTRACTOR.

Where a subcontractor omitted to serve upon the owner the notice of lien required by 3 Comp. Laws 1915, § 14796, but the original contractor filed a sworn statement on the owner giving the amount owing to the subcontractor, such notice was sufficient to support a claim of lien by the latter to the amount stated.

2. SAME—CLAIM OF LIEN FILED IN TIME.

Evidence *held,* sufficient to show that the last day's work was performed less than 60 days before the statement of lien was filed.

3. SAME—ACCEPTANCE OF NOTE NOT A WAIVER OF LIEN WHERE IT MATURED BEFORE EXPIRATION OF TIME FOR FILING.

Acceptance of a note which will mature before the time limited by 3 Comp. Laws 1915, § 14800, for filing a statement of lien has expired, will not constitute a waiver of the lien unless there was an express understanding to the contrary.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 5, 1928. (Docket No. 35, Calendar No. 33,582.) Decided June 4, 1928.

Bill by the Netting Company against Jacob H. Berke and Elek Elson to enforce a mechanic's lien. From the decree rendered, plaintiff and defendant Elson appeal. Affirmed.

*A. F. Freeman,* for plaintiff.

*Benjamin B. Gordon,* for defendant Elson.

SHARPE, J. Plaintiff seeks to enforce a lien for

On acceptance of note as waiver of right to mechanic's lien, see annotation in 35 L. R. A. (N. S.) 93; 18 R. C. L. 969; 5 R. C. L. Supp. 1014.

243—Mich.—6.

work done and materials furnished in the construction of a building of which the defendant Berke was the contractor and the defendant Elson the owner. It omitted to serve upon the owner the notice required by section 14796, 3 Comp. Laws 1915. The original contractor, however, filed statement under oath, giving the name of the plaintiff as a subcontractor and the amount due it. It was held in *Smalley* v. *Ashland Brown-Stone Co.*, 114 Mich. 104, that the notice thus given to the owner was sufficient to support the claim of lien. See, also, *Blitz* v. *Fields*, 115 Mich. 675.

In a statement filed on September 3, 1924, the amount due plaintiff was stated to be $1,550. In a later one, filed on October 21, 1924, the amount due plaintiff was said to be $550. In this statement, made under oath, the contractor avers that he "owes no money for labor upon or material for the building of said flat other than the sums above set forth." The trial court held that plaintiff's claim was restricted to that amount, and gave it a decree therefor. In this he was clearly right.

The defendant Elson, however, insists that the decree should be reversed for another reason. Plaintiff's statement of lien was filed in the office of the register of deeds on May 8, 1925. To entitle it to consideration, it must appear that the last of the material was furnished or labor performed within 60 days prior thereto (§ 14800). The defendant Elson testified that the building was completed in November, 1924; that he moved in the following month; that after moving in he did not discover any need of additional work in connection with the tiling which plaintiff had installed, and did not know that any was performed. Martin Petlock, an employee of plaintiff, testified that he was sent to the building on March 12, 1925, to complete some unfinished work; that he could not finish it then "because other work ahead of ours wasn't completed;" that he went back on April 9th and completed the

job; that "the reason I couldn't finish it before was that the electric heaters weren't wired, and I couldn't close the iron box up with the tile." On cross-examination he testified that when he was at the building in March "a lady living there called up Mr. Berke about the tile. She had to call Mr. Berke to find out when they were going to connect those heaters. * * * I said I completed what I could around over the tub, around the radiator pipes, and I couldn't complete around the heaters because the heaters weren't connected, and I came back there during the week of April 9th and put in two hours' worth of labor then, and I was sent there by the Netting Company to complete the job." This testimony was in no way contradicted by either Berke or Mrs. Elson. Berke testified that the job was "practically completed" in the fall of 1924, but that he did "know that there was something done at a later date to make it complete." Under this testimony, coupled with positive proof that Petlock promptly turned in cards showing the time spent by him in work upon the job in March and April, we cannot but find that the last day's work was performed less than 60 days before the statement of lien was filed.

The contract price with certain extras amounted to $1,941.35. On January 5, 1925, Berke gave his note to plaintiff for that amount, due in 30 days. This note was renewed for 30 days on February 4, 1925, for $1,500; Berke having paid the balance thereof. The renewal note has not been paid.

Counsel for the defendant Elson insists that the acceptance of these notes by plaintiff extinguished the lien. *Blakeley* v. *Moshier*, 94 Mich. 299. The note in that case did not mature until after the time for filing the lien had expired. Those here given matured before that time. It is not claimed that there was any understanding that the right to a lien was waived

by the acceptance of the notes.    The rule seems well established that the acceptance of a note, which will mature before the time limited for filing the statement of lien has expired, will not constitute a waiver of the lien, unless there be an express understanding to the contrary.    40 C. J. p. 318; 18 R. C. L. p. 969; *Knowlton* v. *Gibbons*, 210 Mich. 547.

The decree is affirmed.    As both parties have appealed, no costs will be allowed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.