## HOON v ROSS et

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3116. Decided Feb. 27, 1940.

McFadyen, Swisher & Warden, Columbus, for plaintiff-appellee.

Noel F. Greenlee, Columbus, for defendant-appellants.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment dismissing a joint answer of defendants after the sustaining of a demurrer thereto.

Defendant, Ross, at the time of the judgment was the owner and defendant, Home Owners' Loan Corporation, his predecessor in title to certain real estate described in the petition. We hereinafter refer to the Home Owners' Loan Corporation as the corporation.

Plaintiff avers that he entered into a certain contract with the defendant, Edward W. Fites (Fites is not named a defendant in the caption of the case) for the improving and repairing of certain premises then owned by defendant corporation; that "said Edward W. Fites was to pay him the sum of $90.00 for the labor and material required under said contract; that plaintiff has complied with all the terms of the contract but that defendant has neglected to pay plaintiff the sum of $90.00 or any part thereof. The prayer is for money judgment.

The second cause of action sets up that the last of the labor and materials furnished by plaintiff for improving and repairing of the premises was furnished on August 12, 1938; that on Sept. 24, 1938, he served upon Fites, the contractor, a written statement, as required by law, showing the amount due and owing in connection with the materials and labor of plaintiff and thereafter are set forth averments, to the effect that plaintiff complied with the requirements of §8314, GC, necessary to perfect his lien. Thereafter, defendants filed the joint answer, the second defense of which admits that the corporation on March 19, 1938, contracted with Fites to improve and repair the premises described in the petition; that on July 8, 1938, Fites delivered to the corporation an affidavit of original contractor, a copy of which is attached, marked Exhibit A, and made a part thereof, which affidavit did not contain plaintiff's name and stated that no sub-contractors were employed by Edward W. Fites, as original contractor, that all material was taken from stock and had been paid in full and that every laborer had been paid in full.

"At no time did plaintiff notify either of these answering defendants in writing, as provided for in §8313, GC, that plaintiff had furnished or was about to furnish labor and material in connection with the improvement and repair of said premises, and in reliance upon the affidavit of the original contractor, Edward W. Fites, and after the delivery thereof to defendant, Home Owners' Loan Corporation paid said Edward W. Fites on or about July 28, 1938, the full contract price for the improvement and repair of said premises."

Plaintiff demurred generally to the second defense of the answer which was sustained. Defendants electing to plead no further their answer was dismissed at their costs. This action of the court is challenged by the appeal.

The question presented is well stated in the brief of the appellant, "Is an owner who pays the original contractor in reliance on the contractor's sworn statement under §8312, protected against liens subsequently claimed by subcontractors or by persons furnishing labor or material, whose names were omitted from the contractor's sworn statement, and who, prior to payment to the original contractor, furnished no affidavits, certificates or notices provided for by §8312 and §8313 GC?"

The proposition is well argued and briefed by counsel for the parties, is interesting and difficult in view of the statutes and the decisions. Appellants rely upon the language of the two pertinent sections, 8312, 8313 GC, and cite Metal Products Co. v Rhoades, 241

Mich. 647; Smalley v Stone Co., 114 Mich. 104; Ice Co. v Halsey Bros. Co., 262 Ill. 241; Brennan v McEvoy & Co., 196 Ill App. 336, 343; Statutes of Michigan, §§26281, 26284; DeWitt on Mechanics' Liens, §144. Appellee cites and comments upon §§8312, 8313, GC, 26 O. Jur. 724, 725; **Bullock v Horn, 44 Oh St 420; Vernon v Harper, 79 Oh St 181; Brown v Banks, 39 Oh Ap 188;** Sec. 1 of §26281 Statute of Michigan; Cohen v Bernstein, 170 Ill App. 113.

The part of §8312, GC under immediate consideration provides:

"* * * In order that the owner, * * *, or contractor may be protected, he may at any time during the progress of the work demand in writing of the contractor or any subcontractor, any or all statements herein provided for, which shall be made by the contractor or subcontractor, and given to the owner, * * * contractor or his agent, and if such contractor or subcontractor fails to furnish such statements within 10 days after demand is made, he shall be liable to such owner, * * *, or contractor, making such demand, * * *."

Insofar as pertinent §8313 GC provides:

"Any person, * * *, furnishing * * * material * * *, or performing labor of any kind, * * *, whose name has been omitted from the sworn statement or affidavit in this chapter provided to be given by the contractor or subcontractor, may serve on the owner, * * *, a notice in writing, which notice shall be such as will inform the owner, * * *, of the nature of the machinery, material or fuel furnished, * * *, or labor performed, * * *, the amount due * * *, and a description of premises where furnished, * * *. Such notice shall be sufficient if served at any time before final payment or distribution has been made in accordance with the statement or statements under oath, as required by §8312, GC * * * the service of such notice shall entitle a person serving the same to all the rights which he would have if his name and the amount due him as set forth in said notice were contained in the affidavit of a contrac-

tor or subcontractor as provided in §8312 GC, and the owner, * * *, upon whom such notice is served, shall be bound thereby the same as though the name of the servor and the amount set forth in said notice were contained in a contractor's or subcontractor's statement. The owner, * * *, who makes payments * * *, according to respective rights in the manner and form provided in §8312 and 8313, GC, shall not be liable to the sub-contractors, material men or laborers for any greater amount than he contracted to pay the original contractor and shall be entitled to set off any damages which he may sustain by reason of any failure or omission in the performance of such contract, but the risk of all payments made to the original contractor after the owner shall receive the notice above mentioned, or before the contractor shall have furnished him with the statement under oath as hereinbefore provided. shall be upon the owner, * * * until the expiration of 60 days within which claims for liens may be filed, * * *; but where the original contractor shall have furnished the statements and certificates as provided in §8312 and §8313, GC, the owner, * * *, may pay to such contractor out of the sum lawfully due and payable to him under his contract at the time said statements and certificates are furnished, any amount lawfully in excess of the claims and demands due from said original contractor to subcontractors, material men and laborers, as shown on said statements and certificates, or as shown by notices served on such owner, * * *, by subcontractors, material men and laborers as provided herein.

"In making said payments, the owner, * * *, may assume the names and amounts set forth in said statements and certificates to be true and correct and such owner shall not be liable for errors or omissions of said names and amounts in such statements and certificates, unless a notice has been served as provided in §8313, GC." (Emphasis ours).

It is the claim of appellants that they are absolved from any liability

and the plaintiff is precluded from maintaining his right to a lien inasmuch as the contractor did not include the name of plaintiff, subcontractor in his affidavit furnished to the owner under §8312, GC, and the plaintiff, subcontractor did not give the owner the notice provided for in §8313, GC. Against this claim of appellants it is urged that the notice provided in §8313 to the owner is not a prerequisite to the perfecting of appellee's lien and that his obligation is to observe only that part of §8312, GC, which requires that he give notice to his contractor as therein provided.

At the outset we are confronted with **Williamson Heater Company v Radich, 128 Oh St 124.** The history of this case is well known to counsel and this Court. We have examined the pleadings and find that the petition is to all intents and purposes identical with the petition in the instant case. Upon this petition the Supreme Court said that the plaintiff had stated a cause of action supporting its right to a mechanic's lien. The petition did not allege either, that the owner received any subcontractor's statement required by it to be given under §8312, or, that it had served any notice upon the owner under §8313. It relied wholly and solely, in so far as notice was concerned, upon the averment that it had served the statement provided by §8312 upon the principal contractor.

It will be noted that in §8312 the proviso appears that in order that the owner * * * may be protected, he may at any time during the progress of the work demand in writing of the contractor or any subcontractor, any or all statements provided for in the section and a penalty is placed upon the contractor or subcontractor for failing to observe this obligation.

It is urged by the plaintiff, that, when a subcontractor has given to the principal contractor the statement or statements required by §8312, if the owner is to be protected against information not therein contained relating to a subcontractor, he must demand in writing a statement from the subcontractor requiring him to set forth this information. This provision, in connection with that portion of §8313 according the subcontractor the right to give notice to the owner respecting any sum due him, in the event that the contractor has failed to give such statement, raises the question, upon whom devolves the obligation of the notice, the owner under §8312, or the subcontractor under §8313. It seems to us in keeping with the spirit of the Act to put the burden of doing those things prerequisite to maintaining a lien upon those who receive the benefit therefrom. It places upon an owner an unusual burden if he is required, in the absence of notice, to determine the status of everybody who may be employed in any capacity in erecting a structure under his general contract with the principal contractor.

That portion of §8312 GC which provides that the owner, in order to protect himself, may at any time during the progress of the work demand in writing of the contractor or any subcontractor any or all of the statements provided for in the section, would have application only, if the owner had reason to believe that some statement which he was entitled to receive had not been given to him. Here, acting in good faith, he could well have relied upon the conviction that the principal contractor had observed all the requirements of §8312 GC, and in the notice that he gave was included the name of any subcontractor together with any sum due him.

The mechanics' lien act should be considered in all of its provisions and, if possible, such construction given as would harmonize all of its parts. **Secs. 8312 and 8313 GC,** taken together, appear to place an obligation upon a subcontractor, if he is to maintain his lien, to make certain that notice of his relationship to the contract and the amount, if any, due him be given to the owner. The emphasized portion of

§8313 supports that conclusion. But it is asserted by counsel for plaintiff that the obligation on the subcontractor to serve the notice provided in §8313 is permissive and not mandatory It is true that the statute says "may" and not "shall" or "must", but what place would §8313 have in the mechanics' lien act, if it was not intended to secure to the subcontractor the protection and benefits of his rights as a lien claimant? Of course, it is permissive whether or not he avail himself █ of the right accorded under §8313. When exercised, by specific terms of the statute, it assures him all of his rights as if the statements required of the general contractor under §8312 had been properly made to the owner.

The language of §8313, "in making said payments, the owner, * * * may assume the names and amounts set forth in said statements * * * to be true and correct and such owner shall not be liable for errors or omissions of said names and amounts in such statement * * * unless a notice has been served as provided 'in the section'" should absolve the defendants from further liability in this case because the notice which was served upon them by the contractor, if true, █ was sufficient compliance with §8312, and the owner had a right to assume that the names set forth were true. The failure of the contractor to include in his statement to the owner the information that plaintiff was a subcontractor, though intentional, was nevertheless an "omission" in his statement. The earlier part of §8313, third paragraph, inferrentially protects the owner in this case, because he is thereby authorized to pay to the contractor any sum due him over and above any amount shown to be due subcontractors or material men under the statements provided by him under §8312. If the owner can, after these statements, pay this excess to the contractor, how can it be said that he can not pay all to the contractor, if the affidavit which he has provided under §8312 and served upon the owner

discloses that there was no subcontractor on the job covered by the general contract?

Because our Mechanics' Lien Act was taken from Michigan, authorities from that state are helpful. In considering them it must be observed that the Mechanics' Lien Act in Michigan, §26281 provides, that a preliminary notice shall be given to the owner by any person furnishing materials or performing labor of any kind entering into the construction of any building. The Michigan statute in this particular obviates the development of a situation such as is presented in this case. That portion of §26281 of the statutes of Michigan, requiring notice, to which we have just adverted, is considered in Smalley v Ashland-Brown Stone Co., 114 Mich. 104, and it is there held that this proviso,

"does not introduce a necessary condition to the attaching of a lien, but is designed for the protection of the subcontractor or a laborer, enabling him, in case the contractor's sworn statement does not embody his claim, to place on the owner the risk of payments made to the original contractor."

In the opinion, at page 108, it is said:

"Under this provision, two things are requisite before the owner may make payment to the original contractor with safety: (1) That he shall not have received the notice from the subcontractor, and, (2) the sworn statement of the original contractor."

It will be noted in the instant case that the owner had received the statement required in (2) but not the requisite notice set out in (1).

Continuing,

"It is true that, for his own protection, the subcontractor, if he wishes to prevent a payment which will be **valid as against him**, must see to it that the sworn statement of the original contractor (if the owner exacts one) embody his claim, or must himself serve the notice provided by Sec. (1) * * *. The reason for this is that if the notice by the subcontractor is not served, the owner may act upon the sworn statement by the original contractor."

This decision, as we have said, was made as to a statute that makes it mandatory upon a subcontractor to serve the preliminary statement such as is required in §8312 GC, directly upon the owner.

See also Green Bay Cut Stone Co. v Fabry, 169 Mich. 544.

In Blitz v Fields, 115 Mich. 675, the Court held that an owner was not absolved from liability to a subcontractor for his failure to serve detailed statement of his claim for material upon the owner, where the owner had paid the full contract price to the contractor without requiring of him the sworn statement as to the claim of subcontractors, laborers, and material men, as provided by Sec. 4 of the Mechanics' Lien Act. Here clearly the owner paid to the contractor without availing himself of the protection accorded in a statute similar to our §8312.

In Metal Products Co. v Rhodes, 241 Mich. 648, it is held that a material man may not establish a valid lien under the statute, where it failed to notify the owner that it was furnishing material (as required by 3 Comp. Laws 1915, Sec. 14796, as amended by Act. No. 140, Pub. Acts 1919), and the owner, who had no knowledge it was furnishing material, required of the contractor the affidavit provided for in said section before settling in full.

The case upon which we place the most reliance is Stevens v Garland, 198 Mich. 24, 4th syllabus:

"A sworn statement by a contractor of the names of subcontractors, etc., is a sufficient protection to the owner in making a payment to the contractor under 3 Comp. Laws, Sec. 10713 * * *, where it states that the 'amounts due or to become due to such subcontractors, laborers, and persons for work done and materials furnished at the date hereof is correctly and fully set forth opposite their names respectively,' such statement being obviously false."

The Section 10713 mentioned in the syllabus is comparable to our §§8310 and 8312.

The Illinois cases cited are not as helpful as the Michigan authorities to which we have referred.

There is one case in Ohio in which the syllabus seems to be at variance with our holding, Mayer et v Nemeth et, 11 Oh Ap 362, wherein it is said:

"A material man who has furnished material to a general contractor for use in constructing a house for the owner, and who has filed within the statutory period an affidavit and served a copy thereof upon the owner, as provided in §§8314 and 8315, GC, will not be deprived of the fruits of his efforts and his lien will not be held invalid because he has not furnished the notice provided for in §8313, GC."

We can not definitely say that we are in conflict with this adjudication. We support the statement at page 363, "to us it seems plain that the question (whether it is a prerequisite to the attaching of a lien that the terms of §8313 be complied with) should be answered in the negative; that the notice provided for is not intended as a prerequisite to the attaching of a lien; that it is intended only as an extra safeguard to the material men, subcontractors and laborers, to protect them from the consequences of being left off the contractor's affidavit."

The opinion is not informative whether or not the owner had been given the statement from the contractor, as required by §8312 GC. If counsel upon examination of the pleadings and the record in this case find that the statement of the contractor had been made to the owner, as provided by §8312, we will certify our judgment as in conflict with the cited case.

It is our conclusion that the plaintiff stated a cause of action for a decree in his behalf for a lien, but that the second defense of the answer is an affirmative defense which, if true, relieves the defendants from any liability by virtue of the language of §8313 GC.

The judgment will be reversed.

GEIGER & BARNES, JJ., concur.