## SMALLEY v. ASHLAND BROWN-STONE CO.

1. MECHANICS' LIENS—ANSWER IN NATURE OF CROSS-BILL.
    A mechanic's lien may be asserted by an answer in the nature of a cross-bill.

2. SAME—OBJECTION TO FORM OF ANSWER—SPECIAL DEMURRER.
    An objection to the form of the answer, in that it does not pray for process, should be raised by a special, and not by a general, demurrer.

3. SAME—CONSTRUCTION OF STATUTE.
    The word "due," as used in section 5 of the mechanic's lien law (Act No. 179, Pub. Acts 1891), requiring a subcontractor who wishes to avail himself of the statute to file with the register of deeds a true statement of the demand *due* him, may be construed, in view of other provisions of the act for the enforcement of claims not presently due and payable, as synonymous with "owing," and, so construed, justifies the statement of a claim, evidenced by notes not due when the statement is filed, as an amount "justly and truly due."

4. SAME—PROVISO—NOTICE TO OWNER.
    The proviso attached to section 1 of the lien law as amended, that notice shall be served upon the owner by persons furnishing material or labor, does not introduce a necessary condition to the attaching of a lien, but is designed for the protection of the subcontractor or laborer, enabling him, in

case the contractor's sworn statement does not embody his claim, to place on the owner the risk of payments made to the original contractor.

5. SAME—PLEADING—NEGATIVING EXCEPTIONS.

It is not required of the pleader in setting up a mechanic's lien that he negative the exceptions contained in the statute subsequent to the provision declaring the lien, relieving the owner from the risk of payments made to the contractor after exacting from him a sworn statement as to the amounts due subcontractors, laborers, and material men, and from liability to such persons in any event in a greater amount than he contracted to pay the original contractor.

Appeal from Wayne; Adams, J., presiding. Submitted June 18, 1897. Decided July 22, 1897.

Bill by William Smalley and others against the Ashland Brown-Stone Company, impleaded with Traugott Schmidt and others, to enforce a mechanic's lien. The defendant company filed an answer in the nature of a cross-bill, to which defendant Schmidt demurred. From an order dismissing the answer in so far as it claimed the benefit of a cross-bill, the defendant company appeals. Reversed.

*H. H. & C. H. Hatch*, for complainants.

*A. G. Pitts*, for appellant.

*Walker & Spalding* (*C. A. Kent*, of counsel), for defendant Schmidt.

MONTGOMERY, J.   Defendant Traugott Schmidt is the owner of a brick building in Detroit, constructed in the summer of 1895.   Complainants filed a bill to enforce a mechanic's lien.   Defendant the Ashland Brown-Stone Company filed an answer, claiming the benefit of a cross-bill.   To this answer defendant Schmidt demurred, and the demurrer was sustained.   Defendant the Ashland Brown-Stone Company appeals.

1. Some criticism is made of the practice of asserting a lien by an answer in the nature of a cross-bill, but the

right to do so is affirmed in *Smalley* v. *Terra-Cotta Co.*, 113 Mich. 141.   Criticism is also made of the form of the answer, in that it does not pray for process; but, if it be assumed that the answer is in that respect defective, the question should be raised by special demurrer, and, as the defendant Schmidt has seen fit to demur generally, process would appear to be unnecessary for the purpose of bringing him before the court.

2. The answer of the stone company avers that material was furnished in the construction of the building, and that the amount was evidenced by two promissory notes, due, respectively, November 14, 1895, and November 17, 1895; that on the 7th of November, 1895, the stone company filed a claim of lien, setting forth that "there is justly and truly due to the Ashland Brown-Stone Company, from Joseph L. Gearing [the contractor], over and above all legal set-offs, the sum of $2,287.85, for which it claims a lien." It is contended that, as the claim consisted of notes not due when the lien claim was filed, it cannot be supported by or received under a claim of lien for an amount due.   The statute (section 5, Act No. 179, Pub. Acts 1891) provides that the contractor or subcontractor who wishes to avail himself of the statute shall make and file with the register of deeds a just and true statement or account of the demand due him, over and above all legal set-offs.   A form is also given in the statute, which provides for a statement that "there is justly and truly due deponent," etc.   It is conceded that the word "due" is sometimes used to mean "owing," but it is insisted that in this connection it should be construed to mean "presently payable."   We think this statute should not be so construed. If it be given this construction, one having a lien for a demand not yet due could not literally comply with the provisions of section 5.   This section should, we think, be construed in connection with sections 25 and 26 of the act, which provide for the enforcement of claims not presently due and payable.   It is evident that it was not the intention to dispense with all notice by the holders of such

liens; and as section 5 contains the only provision as to
what such notice shall contain, and requires the claimant
to make a statement of the demand due him, and as the
word "due" is often used as synonymous with "owing,"
it must be inferred that it was employed in this sense in
this connection.    The case of *Brennan* v. *Miller*, 97
Mich. 182, relied upon by appellee, was decided under the
law of 1885, which differs materially from the law of
1891.    While there is language in the opinion which
gives some color to his contention, the case is mainly
ruled upon other points.

3. The answer of the stone company does not aver that
the claimant served the preliminary notice provided in
section 1.    It does aver that the statement required
by section 5 was filed with the register, and a copy served
on the owner.    This presents the question whether the
notice required by section 1 is a condition precedent to the
lien in favor of the subcontractor or laborer.    The ques-
tion is not free from difficulty.    It is contended on behalf
of defendant Schmidt that the provision for such notice is
introduced by way of a proviso to the provisions of the
statute declaring a lien, and it must be admitted that this
is not without force.    However, it is held that the word
"provided" does not always introduce a necessary condi-
tion.    *Chapin* v. *Harris*, 8 Allen, 594; *Stanley* v. *Colt*,
5 Wall. 119; *Georgia Railroad & Banking Co.* v. *Smith*,
128 U. S. 174.    The whole statute should be considered
for the purpose of determining the legislative intent.
Section 4 provides, for the protection of the owner, that
the original contractor shall furnish a statement under
oath to such owner, giving the names of all subcon-
tractors and laborers, together with the amount due or to
become due to them.    Section 1 as amended by Act No.
199, Pub. Acts 1893, provides that "the risk of all pay-
ments made to the original contractor after he shall have
received the notice above mentioned [the notice by the sub-
contractor or laborer], or before the contractor shall have
furnished him with a statement,    *    *    *    shall be upon

the owner * * * until the expiration of 60 days, within which time claims for lien may be filed." Under this provision, two things are requisite before the owner may make payment to the original contractor with safety: (1) That he shall not have received the notice from the subcontractor, and (2) the sworn statement of the original contractor. It is true that, for his own protection, the subcontractor, if he wishes to prevent a payment which will be valid as *against him*, must see to it that the sworn statement of the original contractor (if the owner exacts one) embodies his claim, or must himself serve the notice provided by section 1. This view is strengthened by the provision of section 1 that the notice by the subcontractor shall be sufficient, although not served within the 10 days provided, if it be served on the owner before the sworn statement by the original contractor is made. The reason for this is that, if the notice by the subcontractor is not served, the owner may act upon the sworn statement by the original contractor. We think it should be held, therefore, that this provision is for the protection of the subcontractor or laborer, and is not a condition to the lien attaching. See *Kirkwood* v. *Hoxie*, 95 Mich. 62 (35 Am. St. Rep. 549); *Lamont* v. *Le Fevre*, 96 Mich. 175. We do not overlook the contention of counsel for defendant Schmidt that the word "or," in the paragraph of section 1 above quoted, should be read "and," and we recognize the rule which admits of such a construction when the intent is clear, but we do not think this such a case.

4. It is contended that the answer in the nature of a cross-bill is fatally defective, in that it fails to aver that the owner has paid the principal contractor without exacting from him the sworn statement required by section 4, or that he has not paid all that he contracted to pay. Section 1 provides that the owner shall not be liable to pay to the subcontractor or laborer any greater amount in the aggregate than he contracted to pay the original contractor. This is followed by the clause above quoted, declaring what payments are at the risk of the owner. The

provision declaring the lien precedes these provisions, and does not contain any exceptions. These provisions are contained in subsequent clauses. The rule of pleading at common law is that, in declaring on a statute, where there is an exception in the enacting clause, the pleader must negative the exception; but where there is no exception in the enacting clause, but an exemption in a proviso or in a subsequent section, it is a matter of defense. *Myers* v. *Carr*, 12 Mich. 63; *People* v. *Curtis*, 95 Mich. 212. This rule is also applied in equity. *Attorney General* v. *Oakland County Bank*, Walk. Ch. 94. The fact of payment is one peculiarly within the knowledge of defendant Schmidt, and it is no hardship to require that he set it out in his answer.

We have considered at length all the questions which were presented in the court below. Counsel for appellee have discussed other questions, which we think ought not to be determined on demurrer. The decree will be reversed, and the case remanded, with leave to defendant Schmidt to answer under the rule.

The other Justices concurred.