HARTWICK LUMBER CO. *v.* CHONOSKI.

1. MECHANICS' LIENS—HUSBAND AND WIFE—NOTICE TO HUSBAND SUFFICIENT.

In a suit to foreclose a mechanic's lien, notice by registered letters to defendants husband and wife, who owned the premises by the entireties, that it was furnishing material to the contractor on their building, which the husband, who conducted all the business in connection therewith, admitted receiving, *held*, a sufficient

notice under the statute (3 Comp. Laws 1915, § 14796), although the wife denied receiving the letter addressed to her.

2. SAME—NOTICE—WAIVER.

The holding of the court below that the benefit of said notice was not waived by plaintiff's agent in a conversation with defendant husband over the telephone, *held,* justified by the record.

3. SAME—DATE OF FURNISHING MATERIALS—AMENDMENT OF BILL —STATUTES.

In view of the requirement of the statute (3 Comp. Laws 1915, § 14800) that the statement "shall be filed within 60 days from the date on which the last of the material shall have been furnished," this date is material and must be stated with certainty, but the date on which the first of the materials was furnished is not so material, so that an amendment to the bill on the hearing changing said date from November 19, 1917, to August 3, 1917, was not prejudicial to defendants.

4. SAME—WAIVER—ESTOPPEL.

Where there is nothing in the record to show that plaintiff's agent made any misrepresentations to defendants in a telephone conversation, the fact that he did not notify them that the contractor was already indebted to plaintiff on other jobs, *held,* insufficient grounds on which to base a claim of either waiver or estoppel.

5. APPEAL AND ERROR—FAILURE TO APPEAL.

Where plaintiff made no claim of appeal, its claim in this court that it was entitled to a decree for a larger sum than was allowed in the court below cannot be considered.

Appeal from Wayne; Cross (Orien S.), J., presiding. Submitted October 20, 1921. (Docket No. 135.) Decided December 21, 1921.

Bill by the Hartwick Lumber Company against Louis Chonoski and others to foreclose a mechanic's lien. From a decree for plaintiff, defendants Chonoski appeal. Affirmed.

*Welsh, Bebout & Kahn,* for plaintiff.

*Wilkinson & Hinkley,* for appellants.

STONE, J.   About the first day of August, 1917, Louis Chonoski and Elizabeth, his wife (who owned the premises by the entireties), hereafter called the owners or defendants, entered into a written contract with the Modern Construction Company, a corporation, whereby the latter agreed to furnish the labor and material and construct a residence on a lot at the corner of 14th street and Nicolet avenue, in the city of Detroit, for the sum of $9,650.   The contractor proceeded with the work, under the supervision and management of Henry G. Sweitzer, until about the 19th day of November, 1917, when Mr. Sweitzer absconded.   The work was subsequently carried on by D. H. Runnings, described as a "trustee."   Little progress was made, and on December 3, 1917, the owners took over the job and completed the building on January 12, 1918.   The plaintiff furnished lumber used in such building on the order of Sweitzer, the first delivery thereof having been made on August 3, 1917, and the last on December 5th of the same year.

On August 16, 1917, plaintiff wrote and mailed to both Mr. and Mrs. Chonoski, under separate cover, a registered notice, provided for in section 14796, 3 Comp. Laws 1915 (section 1 of the mechanics' lien act), that it was furnishing lumber for such building to the contractor.   These letters were both receipted for by August Johnson, an employee of Louis Chonoski. The receipt thereof is admitted by Louis, but denied by his wife.   Upon receipt of this notice, Louis telephoned the plaintiff and claims that its assistant manager, Mr. Austin, in reply to an inquiry as to why the notice was sent, said to him that the contractor was a good reliable firm, that it did not then owe the plaintiff anything, and that the notice did

not mean that the plaintiff wanted the owners to "look out so that you get your money." This is denied by Mr. Austin. On this disputed question of fact the trial court found:

"that this notice was given with intent to rely upon the law, and that the plaintiff did not in any way estop itself from relying on the notice."

At that time the owner had paid the contractor $1,000. He afterwards paid it $6,150. These payments were all made relying on false sworn statements furnished the owners by Sweitzer, stating that the plaintiff had been paid in full. Sweitzer also furnished the owners with a waiver of any claim of lien for materials furnished on the building, signed by the plaintiff by Mr. Austin, dated September 1, 1917. This was evidently a forgery and so found to be by the trial court.

On January 8, 1918, the plaintiff filed its statement of lien, claiming that the first delivery of material was on November 19, 1917, and the last on December 5, 1917, and that there was then justly due it $2,075. On July 17, 1918, the bill of complaint herein was filed to foreclose the lien. It alleged that the first of the material was furnished and delivered on November 19, 1917. On the hearing, and over the objection of the defendants, an amendment was permitted, in which such first delivery was alleged to have been made on August 3, 1917. As to the allegation as to the time of first and last delivery, the defendants, in their answer, say they have no knowledge and leave plaintiff to its proof. The other defendants were lienors, whose interests are in no way involved in this appeal. The trial court found plaintiff entitled to a lien in the sum of $1,915.34, and made decree therefor, from which the defendants appeal.

We will consider the questions presented in the order

in which they are discussed by defendants' counsel in their brief.

1. The registered notice given by plaintiff was not received by Mrs. Chonoski. Section 1 of our mechanics' lien act (3 Comp. Laws 1915, § 14796) provides that if such a notice be served "on the owner, part owner or lessee of the premises, or his agent," the owner shall make all subsequent payments to the contractor at his risk and no such payments shall serve to defeat a claim of lien for material so furnished. Mrs. Chonoski as a witness admitted that everything that was done in connection with the building was done by her husband.

"I tell him to build the house and sign the contract, that is all I know. * * * I don't bother my head at all about that, sir. I moved in, that is all I know, and I am living there. I signed the contract and he did the rest."

All the moneys were disbursed by Louis. The real purpose of the notice is to protect the owner against being compelled to pay for the same material or labor a second time. We think there was proof to justify the finding of the trial court that plaintiff had complied with the statute.

2. The plaintiff waived its rights under the notice. This claim is based on the conversation had between Louis and Mr. Austin over the telephone. Without further reviewing the testimony, we are content to follow the finding of the trial court heretofore quoted.

3. Amendment as to date of first delivery. Section 5 of the act (3 Comp. Laws 1915, § 14800) prescribes what the statement or claim of lien must contain. Among other things, it must set forth "the time when such materials were furnished or labor performed." It provides that the statement "shall be filed within sixty days from the date on which the last of the materials shall have been furnished or the last of the

labor shall have been performed." This date is material, and must be stated with certainty. In *Godfrey Lumber Co.* v. *Kline,* 167 Mich. 629, it was held that the date of the last delivery, stated as "on or about March 3d," was too indefinite and uncertain. This was in view of the fact that the statement was not filed until 58 days after March 3d. It was said:

"It is impossible for any one to ascertain from the claim of lien itself whether complainant has a legal and valid claim of lien, and one which should be settled in order to avoid costs and troubles of litigation."

*Union Trust Co.* v. *Casserly,* 127 Mich. 183, is referred to and is said not to aid the complainant. In that case it was said:

"It is urged that the statement of the affidavit as to the time when the first item and the last item were furnished is erroneous. It is not claimed that the last item was furnished more than 60 days prior to the filing of notice of lien. The error did not prejudice the defendant in any way. See Phil. Mech. Liens, § 359."

See, also, Wilkinson on Mechanics' Liens, § 62; Rockel on Mechanics' Liens, § 114; 2 Jones on Liens (3d Ed.), § 1407. We think the amendment was properly allowed and that the defendants were in no way prejudiced thereby.

4. It appears that the plaintiff was furnishing material to the construction company on other contracts. Its books of account show that the construction company was largely indebted to it at the time of its failure. The defendants say that the plaintiff should have notified them of such fact, particularly in view of the conversation over the telephone above referred to. As we read the record, plaintiff's officers were quite as much surprised over Sweitzer's defalcation and the resultant effect on the construction com-

pany as were the defendants.   There is nothing in the record to show that Mr. Austin made any misrepresentations to Louis Chonoski as to Sweitzer or the company and there is no proof on which to base a claim of either waiver or estoppel.

The claim of the plaintiff that it was entitled to a decree for a larger sum than was allowed by the trial court cannot be considered, as no claim of appeal from the decree as made was filed by it.

The decree is affirmed, with costs to plaintiff against the appealing defendants.

STEERE, C. J., and MOORE, WIEST, CLARK, BIRD, and SHARPE, JJ., concurred.   FELLOWS, J., did not sit.