MIELIS *v.* EVERTS.

1. MECHANICS' LIENS—SERVICE ON OWNERS OF FEE NOT NECESSARY WHERE DEALING WITH CONTRACT PURCHASER.

Where lien claimants were dealing with contract purchaser, who was part owner, and not with contractor, it was not necessary to serve notice of intention to claim lien on owners of fee (3 Comp. Laws 1929, § 13101).

2. SAME—TIME OF FILING LIEN.

In suit to foreclose mechanic's lien, defendants' contention that statements of account and lien were not filed within 60 days after performance of last of work, as required by statute, *held*, without merit (3 Comp. Laws 1929, § 13105).

3. SAME—SERVICE NOT REQUIRED WHERE DEALING WITH OWNERS, PART OWNERS, OR LESSEE.

Service of statement of account and lien upon owner, part owner, or lessee by parties contracting directly with them is not required by statute (3 Comp. Laws 1929, § 13106).

Appeal from Macomb; Spier (James E.), J. Submitted June 13, 1933. (Docket No. 108, Calendar No. 37,289.) Decided August 29, 1933.

Bill by Albert Mielis against Frank C. Everts and others to foreclose a mechanic's lien. Cross-bill by defendant Gustav Schmidt to foreclose a mechanic's lien. From decree for plaintiff and cross-plaintiff, defendants Everts and Jackson appeal. Affirmed.

*Lungerhausen, Weeks, Lungerhausen & Neale,* for plaintiff.

*Lewis Daniels,* for defendants Everts and Jackson.

*Henry P. Fischer* and *Ray V. Richards,* for cross-plaintiff Schmidt.

McDONALD, C. J. This is a bill to foreclose a mechanic's lien in the amount of $317 for mason work on a building on land of which Frank C. Everts and Mary M. Everts were owners of the fee and Fred Krueger was the contract purchaser. In a cross-bill, defendant Gustav Schmidt also asked for the foreclosure of his lien of $950 for the installation of the heating and plumbing. Defendant Benjamin H. Jackson was made a party because he had a mortgage on the premises which he had taken in lieu of his mechanic's lien. The defendant Everts and wife contested the validity of the liens for the reason that no notice of intention to claim a lien was served on them as owners, as required by 3 Comp. Laws 1929, § 13101, that statements of account and lien were not filed within 60 days after the last work was performed, in compliance with 3 Comp. Laws 1929, § 13105, and that service of the statement of account and lien was not served in Macomb county, where the property is located. At the conclusion of the hearing, the trial court held that the plaintiff and cross-plaintiff had valid liens on the building, and decreed their foreclosure. The defendants Frank C. Everts and Mary M. Everts have appealed.

1. It is first claimed that the lien of Albert Mielis is invalid because a notice of intention to claim a lien was not served upon the owners. It was not necessary. The lien claimants were dealing with the part-owner, not with a contractor. 3 Comp. Laws 1929, § 13101; *Smalley* v. *Ashland Brown-Stone Co.,* 114 Mich. 104.

2. It is contended that the statements of account and lien were not filed within 60 days after the performance of the last of the work as required by 3 Comp. Laws 1929, § 13105. This contention involved a question of fact which was determined by the trial court adversely to the defendants' claim. Our examination of the testimony leads us to the same conclusion. The work was necessary to a completion of the contract and was performed in good faith. The defendants' contention in respect to this question is without merit.

3. It is claimed the lien was invalid because service of the statements of account and lien were not made in Macomb county, where the property is located. Mr. and Mrs. Everts, owners of the record title, were residents of Wayne county, where the service was made. The contract of the lien claimants was with the part-owner, Mr. Krueger. Service of the statement of account and lien upon the owner, part-owner, or lessee by parties contracting directly with them is not required by the statute. See 3 Comp. Laws 1929, § 13106. Moreover, the owners visited the premises and knew that the work was being done by contract with Mr. Krueger.

As there was some question about the part-owners' title, the court gave the lienors only a lien on the building. The record shows no error.

The decree is affirmed, with costs to the lien claimants.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.