WEBSTER *v.* COOPER DEVELOPMENT CO.

MECHANICS' LIENS—FILING OF PROOF OF SERVICE OF NOTICE OF INTENTION TO CLAIM LIEN.

> Filing of proof of service of notice of intention to claim mechanic's lien with register of deeds as provided by 3 Comp. Laws 1929, § 13101, is a condition precedent to the acquisition of the lien.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted January 10, 1934. (Docket No. 113, Calendar No. 37,596.) Decided April 3, 1934.

Bill by Clyde I. Webster and W. E. Webster, copartners doing business as H. P. Webster & Sons, against Cooper Development Company, a Michigan corporation, and Don G. Pratt to foreclose an alleged mechanic's lien. Case transferred to law side of the court. From judgment for plaintiffs, against defendant Cooper Development Company, it appeals. Reversed, without new trial.

*G. E. McArthur,* for plaintiffs.

*Shields, Silsbee, Ballard & Jennings (Stanley H. Fulton,* of counsel), for defendant Cooper Development Company.

POTTER, J. The bill alleges plaintiffs furnished one Don G. Pratt, as contractor, materials to build a house on lands belonging to Cooper Development Company, beginning September 25, 1929, and ending November 29, 1929. October 3, 1929, plaintiffs gave notice to Cooper Development Company they were furnishing the materials to Pratt. They claim a balance of $256.56. January 28, 1930, plaintiffs filed notice of lien in the office of the register of deeds of Ingham county. January 28, 1930, they served a

copy of this notice of lien on the Cooper Development Company and filed a certified copy of proof of service thereof with the register of deeds. Defendant Cooper Development Company claims the last material was furnished to Pratt November 23, 1929, and admits it received the notice of furnishing of material to Pratt; alleges it requested plaintiffs to furnish duplicate invoices; denies the claim of lien and the amount due; denies the statement filed by plaintiffs with the register of deeds complied with the law and denies plaintiffs ever acquired a valid lien against their premises; alleges it gave a bond in the sum of $512.72 with the Fidelity & Deposit Company of Maryland as surety to release the lien and thereby it was released; and alleges plaintiffs' sole remedy is at law. By stipulation signed by the parties, the case was transferred to the law side of the court, where judgment was entered for $301.03 and costs, and defendant Cooper Development Company appeals, claiming plaintiffs failed to file proof of service of notice of their intention to claim a lien; failed to furnish a statement to appellant as required by 3 Comp. Laws 1929, § 13108; alleges error in the description of the land against which a lien is claimed; error in the statement of the lien, and failure on the part of plaintiffs to introduce in evidence the bond upon which the action is brought upon which plaintiffs sought and had recovery.

Appellant claims plaintiffs acquired no lien upon the premises in question which could be made the subject of foreclosure; alleges the mechanics' lien law is in derogation of the common law; that rights under it are statutory and may not be extended beyond the plain provisions of the statute. *Wagar* v. *Briscoe,* 38 Mich. 587; *Sterner* v. *Haas,* 108 Mich. 488; *Huebner* v. *Lashley,* 239 Mich. 50.

Plaintiffs rely upon *Smalley* v. *Northwestern Terra-Cotta Company,* 113 Mich. 141, where the question involved was whether all steps to establish a lien had been taken except the filing with the register of deeds of proof of service of the statement of lien on the owner before commencing proceedings to enforce the lien. The court held this provision of the lien statute was directory and not mandatory. Plaintiffs also rely upon 3 Comp. Laws 1929, § 13127, which provides the mechanics' lien statute is remedial, to be construed liberally and a substantial compliance with its provisions is sufficient for the validity of the lien or liens. After the decision in *Smalley* v. *Northwestern Terra-Cotta Company, supra,* Act No. 264, Pub. Acts 1929, was enacted inserting the following in the provisions of section 1 of the lien law:

"No person shall have a right to claim a lien as in this act provided, unless and until he shall have served a notice as in this section provided, and proof of the service of such notice shall be attached to the verified statement or account when filed with the registrar of deeds as provided in section five of this act." 3 Comp. Laws 1929, § 13101.

Compliance with this provision of the act is a condition precedent to the acquisition of the lien. The question here is not one of the construction of a statute, it is a question of compliance. There was no compliance with this provision of the statute. No mechanic's lien attached, and not having attached, there was no lien to foreclose.

Judgment reversed, with costs, without new trial.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.