## SAGINAW LUMBER CO. v. STIRLING.

1. MECHANICS' LIENS—NOTICE OF INTENT TO CLAIM LIEN—STATUTES.

   A mechanic's lien fails if the notice of intent to claim lien is not served as required by statute (3 Comp. Laws 1929, § 13101).

2. SAME—PURPOSE OF NOTICE.

   The real purpose of the statutory notice of intent to claim a mechanic's lien is to protect the owner against being compelled to pay for the same labor or material a second time (3 Comp. Laws 1929, § 13101).

3. SAME—SUFFICIENCY OF NOTICE OF INTENT TO CLAIM LIEN—HUSBAND AND WIFE.

   Corporate materialman which sent by registered mail to the owners, husband and wife, an envelope addressed to both

containing a letter also addressed to both explaining purpose of notice of intent to claim a lien, also enclosed, and which notice was directed to husband only but which was read by both, substantially complied with provisions of mechanics' lien statute as to giving of notice of intent to claim a lien and such lien is valid where no showing is made that the wife was in any way prejudiced by failure to have her name on the notice (3 Comp. Laws 1929, § 13101).

4. SAME—REVIVAL—MATURITY OF NOTES.
   A mechanic's lien once lost can not be revived by the maturing of notes given for goods furnished or services rendered.

5. RELEASE—CONSTRUCTION.
   A release will be construed and given effect according to its terms, purpose, and the subject matter to which it can apply.

6. MECHANICS' LIENS—PARTIAL WAIVER OF LIEN—INTENT.
   Printed form of waiver of lien that was delivered to owners after a second payment was made to contractor from which words "or which may hereafter accrue" had been stricken prior to its execution by corporate materialman clearly indicated an intention to waive the lien against defendant owners' property only for materials furnished to and including the date of such partial waiver which was delivered to the owners the following day.

7. SAME—PARTIAL WAIVER OF LIEN—RELEASES—PARTIAL PAYMENT.
   Owners who make partial payments on construction contracts as work progresses may require releases or partial waivers from materialmen if they deem such necessary for their protection.

8. APPEAL AND ERROR—FORECLOSURE OF MECHANICS' LIEN—REMAND—PARTIAL WAIVER.
   On reversal of decree dismissing bill to foreclose a materialman's statutory lien where plaintiff is entitled to a lien, case is remanded for determination of amount where owners had received some partial waivers.

Appeal from Saginaw; O'Neill (James E.), J. Submitted January 19, 1943. (Docket No. 111, Calendar No. 42,309.) Decided May 19, 1943.

Bill by Saginaw Lumber Company, a Michigan corporation, against Neil D. Stirling and others to

foreclose a mechanic's lien. Decree for defendants. Plaintiff appeals. Reversed and remanded for determination of amount of lien and foreclosure.

*Heilman & Purcell,* for plaintiff.

*James V. Finkbeiner,* for defendants Stirling.

*Floyd T. Fuss* and *Crane & Crane,* for defendant receiver for Frank L. Sawyer.

SHARPE, J. This is a suit to foreclose a materialman's statutory lien.

In July, 1941, Neil D. Stirling and Florence M. Stirling, his wife, the owners of certain real estate, contracted with Frank L. Sawyer for the construction of a home. The contract price was $5,875 and was to be paid at stated periods as the work progressed. Sawyer commenced work and entered into an agreement with plaintiff lumber company for the furnishing of materials. The first materials were furnished on August 26, 1941. Within 15 days from the furnishing of the first materials, plaintiff sent by registered mail an envelope addressed to Mr. and Mrs. Neil D. Stirling which contained two papers, one of which was addressed to "Neil D. Stirling, owner," and was a notice that the lumber company would claim a lien upon the premises for lumber and materials furnished. The other paper was in the form of a letter addressed to "Mr. and Mrs. Neil D. Stirling" thanking them for their business and gave some explanation of the purpose of inclosing the notice of intention to claim a lien.

When the Stirlings came home one day, they found the registered letter lying on their davenport. Neither of the Stirlings signed the return receipt for the registered letter.

On October 3, 1941, the second payment of $1,000 was paid and the following instrument, executed by the lumber company, was given to the Stirlings:

"WAIVER OF LIEN

us
"For a valuable consideration, to me in hand paid, the receipt whereof is hereby ~confessed and
we .
acknowledged, I do hereby waive, release and relinquish any and all claims or right of lien which
we
I now have ~or which may hereafter accrue~ upon the premises known and described as
Lot 180 Northmoor
the same being owned by Neil D. Stirling & wife whether for labor performed or materials furnished, or both, in the construction of any building upon or betterment of said premises.

"In witness whereof, we have hereunto set our hand and seal this 2d day of Oct., A.D. 1941.
          "THE SAGINAW LUMBER COMPANY,
          "By (Signed) A. R. MILLETT (L. S.)
"In presence of:
"(Signed) E. JOYCE BROWNING,
"(Signed) M. HOWARD."

In the construction of the building, certain extras were agreed upon at a cost of $255.10. The Stirlings paid Sawyer the sum of $4,245.32.

In April, 1942, plaintiff filed a bill in chancery for foreclosure of materialman's lien and alleged that there was due it the sum of $1,664.89. The cause came on for trial and at the close of plaintiff's case, the defendants made a motion to dismiss plaintiff's bill of complaint for the following reasons:

"On the ground that notice is defective in form and substance in failing to set forth the names of

both Neil D. Stirling and Florence M. Stirling, the notice only naming Neil D. Stirling.

"A notice should have been served both on Mr. Stirling and Mrs. Stirling. Each should have had a separate notice. They recognized that when they came to the claim of lien. They served one on each."

Defendants renewed their motion at the close of all testimony. The trial court entered a decree dismissing plaintiff's bill of complaint. In his opinion, the trial judge stated:

"Inasmuch as the plaintiff failed to notify one of the owners of the building in the instant case, namely, Florence M. Stirling, the conclusion is inescapable that no lien attached.   *   *   *

"The court is also inclined to the opinion that if a lien did attach under the procedure followed by plaintiff herein in attempting to notify defendants of its intention to claim a lien that said lien was waived by the action of plaintiff in attempting to waive a part of said lien, the court being of the opinion that the lien provided for in our statute is an entirety and cannot be waived in part, as is argued by plaintiff."

Plaintiff appeals. That portion of the mechanics' lien statute involved here reads as follows:

"*Provided,* That any person, firm or corporation furnishing materials   *   *   *   shall within fifteen days after furnishing the first of such material   *   *   *   serve on the owner, part owner, or lessee of the premises, or his agent,   *   *   *   personally or by mailing by registered mail, return receipt demanded, to the last known address of such owner   *   *   *   a written notice, which notice shall be such as will inform the owner   *   *   *   of the nature of the materials being furnished   *   *   *   and a description of the premises where furnished, which notice shall notify such owner   *   *   *   that such person, firm or corporation furnishing materials or

performing labor will claim a lien upon such premises for any amounts unpaid for such materials so furnished.  \*  \*  \*  Such notice shall be in substantially the following form:

"To ................, Take notice that  \*  \*  \*

"No person shall have a right to claim a lien as in this act provided, unless and until he shall have served a notice as in this section provided."  3 Comp. Laws 1929, § 13101 (Stat. Ann. § 26.281).

Prior to the institution of this suit we have had occasion to construe the mechanics' lien statute. It is now settled that such a lien fails if the notice of intent to claim lien is not served as required by statute. *Wyoming Park Lumber & Fuel Co.* v. *Vander Ark,* 291 Mich. 496. The statute (3 Comp. Laws 1929, § 13101) provides for personal service of the notice to claim a lien "or by mailing by registered mail, return receipt demanded, to the last known address of such owner, part owner or lessee, or his agent in charge of said premises."

In *Nurmi* v. *Beardsley,* 275 Mich. 328, the husband and wife owned the property by the entireties. The contractor's sworn statement was not served upon the wife by mail or otherwise. We there held that no lien existed because of the failure to notify the wife. In the case at bar, the envelope was addressed to Mr. and Mrs. Stirling. The letter inclosed was addressed to both parties, but the notice to claim a lien was addressed to Mr. Stirling. Both papers were read by Mr. and Mrs. Stirling and no showing has been made that Mrs. Stirling was in any way prejudiced by the failure to have her name on the notice to claim a lien.

The real purpose of the notice is to protect the owner against being compelled to pay for the same labor or material a second time. There is no requirement that the registered letter be sent "deliver

to addressee only" or that the signature on the receipt actually be that of the addressee. In *Hurd* v. *Meyer,* 259 Mich. 190, the property was owned by Mr. and Mrs. Meyer, jointly. Personal service was not made upon the owners. A copy of the claim of lien was posted upon the premises involved. We there said: "There is no merit to appellants' contention that, because the joint ownership of this property was vested in two persons, Mr. and Mrs. Meyer, therefore two notices should have been posted instead of one."

In the case at bar, Mrs. Stirling actually did receive and read the notice. The letter explaining the notice was also addressed to her. Under such circumstances there was substantial compliance with the provisions of the act.

It is next urged that plaintiff, Saginaw Lumber Company, waived the lien by the execution of the instrument on October 2, 1941, which is quoted above. It appears that when the above waiver was executed, the words: "or which may hereafter accrue" were stricken from the printed form.

Defendant Neil D. Stirling testified as follows:

"*Q.* You paid the contract to Mr. Sawyer as the contract payments became due?

"*A.* Yes, sir.

"*Q.* And before you made any payments as they became due you demanded a waiver?

"*A.* That's right.

"*Q.* For the work that had been done prior to that payment?

"*A.* That's right.   *   *   *

"*Q.* And what was the reason for demanding it (the waiver)?   *   *   *

"*A.* To release us as to any further liabilities as far as to materials or labor that was furnished at that time."

It is urged by plaintiff that the above waiver was not intended as a waiver of materials to be furnished in the future. . Defendants rely upon *Au Sable River Boom Co.* v. *Sanborn,* 36 Mich. 358, and *Blakeley* v. *Moshier,* 94 Mich. 299.

In the *Au Sable River Case,* promissory notes were taken for the entire amount of money due for rafting a quantity of pine logs. Plaintiff thereafter claimed a lien for such services. We there held that plaintiff by the taking of the promissory notes waived the lien and said: ''A lien once lost could not be revived by the maturing of the acceptances.''

In the *Blakeley Case,* a note was taken in settlement of the amount due a materialman which note did not become due until after the time required to file a lien for materials furnished. We there said:

''At the time the note was given, the complainant did not intend to claim a lien on the premises in question, but,    *    *    *    on the contrary, the taking of the note was intended to be, as it was in fact, a settlement of all accounts between the parties to that date; and no lien could thereafter attach for the amount of these accounts.''

In each of the above cases the intention of the parties was to waive the lien in favor of the promissory note. In the case at bar there was no intention on the part of plaintiff to waive the lien for materials furnished after the execution of the so-called limited waiver.

In *Jepherson* v. *Tucker,* 18 R.I. 429 (28 Atl. 610), plaintiff furnished lumber to be used in the repair and alteration of a house. During the process of making repairs, plaintiff executed the following waiver:

''For value received, we hereby release all our right of lien, title and interest in and to the estate

\* \* \* for materials furnished and labor performed on said house.''

The defendant contended that plaintiff was not entitled to a lien as the same had been released by virtue of the above waiver. The court said: ''We are of the opinion that the paper is to be construed as a waiver merely of the petitioner's right to claim a lien for materials furnished prior to its date. It contains no language which is prospective.''

In 40 C.J. p. 341, it is said:

''A release will be construed and given effect according to its terms, purpose, and the subject matter to which it can apply. Some releases are comprehensive and unqualified, while others are limited in their application and operation.''

In the case at bar, it clearly appears to have been the intention of the parties to waive the lien against the Stirlings' property only for materials furnished to and including the date of the partial waiver, which although signed by the lumber company on October 2, 1941, was not delivered to the Stirlings until the second payment of $1,000 was made by them to the contractor Sawyer on October 3, 1941. It was within the power of the Stirlings to require other releases or partial waivers from plaintiff as further payments were made by them to the contractor, if they had deemed such releases necessary for their protection.

The decree of the chancery court is reversed and the cause remanded for determination of the amount of the lien in accordance with this opinion and for foreclosure thereof. Plaintiff may recover costs as against Neil D. Stirling and Florence M. Stirling, his wife.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.