SADLER v. WINSHALL.

1. MECHANICS' LIEN—ORAL CONTRACTS—WATER PLANT.
   Mechanic's lien of plaintiff on property of defendants, doing business as a partnership, *held*, valid, where there is ample evidence in the record to support trial court's determination that oral contract, pursuant to which plaintiff had constructed a water plant, had been entered into by plaintiff directly with defendant owners and not a corporation, 1 of some 50 legal entities having offices at the same address (CL 1948, § 570.6).

2. SAME—CONTRACT FOR CONSTRUCTION DIRECTLY WITH OWNER— SERVICE OF STATEMENT OF LIEN.
   Service on owner of statement of mechanic's lien is not required by statute, where the plaintiff contractor has contracted directly with the owners (CL 1948, § 570.6).

Appeal from Shiawassee; Carland (Michael), J. Submitted May 5, 1964. (Calendar No. 42, Docket No. 49,935.) Decided July 8, 1964.

Bill by John F. Sadler and Dorothy J. Sadler, doing business as S & S Construction Company, a copartnership, against Jack I. Winshall, individually and doing business as Winchester Land Company, a copartnership, and against various individuals and corporate entities, to foreclose a mechanic's lien. Decree for plaintiffs. Defendant Winshall appeals. Affirmed.

*Joslyn, Joslyn & Dean (Darryl M. Coon,* of counsel), for plaintiffs.

*Daniel S. Cooper,* for defendant Winshall.

REFERENCES FOR POINTS IN HEADNOTES

[1] 36 Am Jur, Mechanics' Liens § 34.
[2] 36 Am Jur, Mechanics' Liens § 128.

KELLY, J.  Defendant Jack I. Winshall, individually and doing business as Winchester Village Land Company, a copartnership, appeals from the decree of the trial court holding that plaintiffs and appellees have a valid mechanic's lien upon certain land owned by the Winchester Village Land Company in Shiawassee county, and from the trial court's order denying defendant's motion for a new trial.

Plaintiffs John F. Sadler and his wife, Dorothy J. Sadler, comprise a copartnership doing business as the S & S Construction Company.  For many years prior to this litigation, the company was engaged in the construction business, specializing in the construction of sewage treatment and water filtration plants and pumping stations.

In February, 1956, plaintiffs entered into a written contract to construct a sewage treatment plant for Winchester Village Land Company.  The agreement was reached in the offices of Winchester Village Land Company, 4053 Penobscot Building, Detroit. Present at that time were plaintiff John F. Sadler, Jack I. Winshall, David Sefansky, and Abe Green, copartners in Winchester Village Land Company, and Robert Zumstein of Civil Engineers, Inc.

Plaintiffs began work under the written contract in March, 1956, and eventually completed the contract in September, 1956.  During the entire time of construction, Robert Zumstein supervised plaintiffs' operations in his capacity as representative for Civil Engineers, Inc., who were agents for defendant Winchester Village Land Company.  Carl Carlson, also an employee of Civil Engineers, Inc., resided on the construction site and was present daily during the entire time of performance by plaintiffs.

As provided in the written contract, plaintiffs furnished labor and material and submitted monthly statements describing what had been furnished for

the prior month and setting forth the amounts therefor. These monthly statements were addressed to Civil Engineers, Inc., handed to and verified by Carl Carlson, and thereafter forwarded to the offices of Civil Engineers, Inc. After examination by Robert Zumstein, they were then forwarded to the offices of Winchester Village Land Company, at 4053 Penobscot Building, Detroit, from whom plaintiffs would receive payment in the amount shown on the statement.

In July, 1956, Robert Zumstein approached plaintiff John F. Sadler concerning his interest in also constructing a water plant. Preliminary drawings of the proposed water plant were exhibited to Sadler for his examination. Discussion ensued regarding the cost of construction of such plant, but, because the drawings were incomplete, Zumstein and Sadler agreed that a time and material contract would be advisable in that such a contract would permit prompt commencement of construction prior to completion of final blueprints and specifications.

Sadler was subsequently requested by Zumstein to attend a meeting at 4053 Penobscot Building, Detroit, for the purpose of discussing the details of such a time and material contract. Prior to this meeting, which was held August 17, 1956, Sadler had ascertained from the office of the register of deeds for Shiawassee county that the record owner of the land upon which the water plant was to be constructed was the Winchester Village Land Company.

Present at the meeting in addition to Sadler and Zumstein were Jack I. Winshall, Abe Green, David Sefansky, and John Babcock, attorney. At this meeting, Sadler agreed to an oral contract under which he was to begin work immediately. As under the prior existing written contract, Zumstein was to have over-all supervision of the construction and

Carlson was to be the resident engineer. Plaintiffs submitted monthly statements, as under the written contract, to Civil Engineers, Inc., itemizing the time and material furnished, which statements were first examined by Carlson, then forwarded to the offices of Civil Engineers, Inc., and thereafter sent to 4053 Penobscot Building, Detroit.

Plaintiffs received no payments after submission of their first monthly statements in October and November, 1956. Sadler contacted David Sefansky in late November, and thereafter received a check in the amount of $500. Subsequently he received 2 checks totalling $4,500. All 3 of these checks were issued by North American Development Company, a Michigan corporation. Sadler also submitted monthly statements in December, 1956, and January and February, 1957, but received no payments therefor.

After proceeding with construction to the point where the water plant was operating, plaintiffs were compelled to discontinue work in late January, 1957, because of lack of funds.

On February 7, 1957, John Sadler recorded a sworn contractor's statement and statement of account and lien in the office of the register of deeds, Shiawassee county. Unable to locate Winshall, Sefansky, or Green, he served the aforementioned statements upon Carlson, who was in charge of the water plant premises.

The trial court in its decree of May 22, 1962, determined that the plaintiffs had thereby established a valid mechanic's lien upon the land owned by the Winchester Village Land Company and upon which plaintiffs had constructed the water plant in the amount of $60,946.54 ($47,900 plus interest thereon in the amount of $13,046.54).

Defendant now appeals, alleging that the trial court was incorrect in determining that the oral

contract was entered into between plaintiffs and Winchester Village Land Company; that, rather, the evidence indicated the making of a contract between plaintiffs and North American Development Company, incorporated by Winshall, Sefansky, and Green on May 25, 1956, with resident offices at 4053 Penobscot Building, Detroit; that Carlson, an employee of Civil Engineers, Inc., was not such an agent of North American Development Company as to be the proper recipient of service under CL 1948, § 570.6 (Stat Ann 1953 Rev § 26.286); and, even if he were such an agent, service on him was not service on an agent of the Winchester Village Land Company, the admitted owner of the land, and, hence, that the above statute was not complied with by plaintiffs.

In rebuttal plaintiffs contend that the oral contract was made between plaintiffs and Winchester Village Land Company and that under CL 1948, § 570.6 (Stat Ann 1953 Rev § 26.286), service on the owner or his agent is not required where, as here, the person filing the mechanic's lien had contracted directly with the owner.

The disposition of this appeal does not necessitate a detailed analysis of all the testimony given and evidence submitted to establish which of the some 50 legal entities that occupied the office at 4053 Penobscot Building, Detroit, entered into the oral contract with plaintiffs. It is sufficient to recite that for nearly 6 months prior to the oral contract plaintiffs had dealt with Winshall, Sefansky, and Green in their capacity as copartners doing business as Winchester Village Land Company; that during such period Zumstein and Carlson, as employees of Civil Engineers, Inc., were acting for and in behalf of Winchester Village Land Company; that the North American Development Company was not incorporated until May 25, 1956, and plaintiff John F.

Sadler had no notice of such incorporation at the time he was contacted by Zumstein in regard to construction of the water plant; that John F. Sadler determined the owner of the water plant site to be Winchester Village Land Company; that Winshall, Sefansky, and Green did not divulge their intention to assume the mantle of the North American Development Company instead of their previously assumed Winchester Village Land Company identity in making this contract with plaintiffs; that neither Zumstein nor John Babcock, attorney for Messrs. Winshall, Sefansky, and Green, had any recollection of any mention being made at the August 17, 1956, meeting of the North American Development Company as the other party to the oral contract. Only Winshall and Green so recalled.

The trial court's determination that the oral contract was entered into between plaintiffs and Winchester Village Land Company is amply supported by the record.

As to the question of service of statement of lien under CL 1948, § 570.6 (Stat Ann 1953 Rev § 26.286) see *Mielis* v. *Everts,* 264 Mich 363, holding that where the contractor has contracted directly with the owner, service on the latter is not required.

Affirmed. Costs to appellees.

KAVANAGH, C. J., and DETHMERS, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.

SOURIS, J., did not sit.