BURTON DRYWALL, INC. v KAUFMAN

OPINION OF THE COURT

1. MECHANICS' LIENS—STATUTES—COMMON LAW—STRICT CONSTRUC-
   TION—ATTACHMENT—LIBERAL CONSTRUCTION.

   The mechanic's lien statutes are in derogation of the common law
   and must be strictly construed to the point at which the lien
   attaches; thereafter, they may be liberally construed to fulfill
   the remedial objectives of the statutes (MCLA 570.1 *et seq.;*
   MSA 26.281 *et seq.)* .

2. MECHANICS' LIENS—NOTICE TO OWNER—TIME LIMITATIONS.

   A party seeking to claim a lien against a building for any
   amounts unpaid on material or labor furnished for that build-
   ing must serve the owner with written notice within 90 days
   after furnishing the first of such materials or labor even where
   the lien claimant is dealing directly with the owner and not a
   contractor (MCLA 570.1; MSA 26.281).

3. COURTS—SUPREME COURT—COURT OF APPEALS—APPEAL AND ERROR
   —OVERRULING PRECEDENT—OVERWHELMING AUTHORITY.

   The Court of Appeals is not bound to follow a decision of the
   Michigan Supreme Court if it is convinced by overwhelming
   authority that the Supreme Court would overrule that author-
   ity were it deciding the question today.

DISSENT BY R. B. BURNS, J.

4. COURTS—PRECEDENT—INTERMEDIATE COURTS—SUPREME COURT—
   APPEAL AND ERROR.

   *It is inappropriate for an intermediate court to decide cases*
   *contrary to established precedent of the Supreme Court.*

Appeal from Wayne, Charles S. Farmer, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur 2d, Mechanics' Liens §§ 17–25.
[2] 53 Am Jur 2d, Mechanics' Liens § 174.
[3, 4] 4 Am Jur 2d, Appeal and Error §§ 11–16.

mitted April 12, 1976, at Detroit. (Docket No. 19113.) Decided May 27, 1976. Leave to appeal applied for.

Complaint by Burton Drywall, Inc., against Harry Kaufman and Ben Kaufman, doing business as Westland Park Apartments, and against Kaufman Brothers Investment Company, Citizens Mortgage Corporation and Joseph Rickard seeking to foreclose a mechanic's lien. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Gottlieb & Goren,* for plaintiff.

*Weiner & Hauser,* for defendants.

Before: BASHARA, P. J., and R. B. BURNS and QUINN, JJ.

BASHARA, P. J. Plaintiff appeals a summary judgment granted to the defendants in an action to foreclose a mechanic's lien.

The defendant, Westland Park Apartments, was a partnership formed for the purpose of developing an apartment complex. The partners were the defendants Harry Kaufman, Ben Kaufman, and Joseph Rickard. The partnership entered into an agreement with Ricco, Inc., to act as general contractor on the project. The president and sole shareholder of Ricco, Inc., was Joseph Rickard.

Ricco, Inc., subcontracted with the plaintiff to provide drywall materials and labor to the project. Plaintiff's lien states that it began furnishing materials and/or labor to the construction site on January 12, 1971. The proof of service for the notice of intent to claim a lien discloses that the notice was served on the partnership on June 2, 1971, some 141 days after the work began.

The trial judge granted summary judgment on

the ground that plaintiff failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1). He ruled that no mechanic's lien attached because the plaintiff failed to serve a notice of intent to claim a lien within 90 days of first furnishing the materials or labor.

Plaintiff contends that notice is not required where the party seeking the lien deals directly with the owner. The argument is that the plaintiff contracted with Ricco, Inc. Joseph Rickard is an officer and sole shareholder of Ricco, Inc. as well as a partner in Westland Park Apartments. Rickard's knowledge of plaintiff's claim is binding on the partners and partnership.

The mechanics' liens act, MCLA 570.1 *et seq.;* MSA 26.281 *et seq.,* is in derogation of the common law and must be strictly construed to the point when the lien attaches. Thereafter, it may be liberally construed to fulfill the remedial objectives of the act. *Smalley v Northwestern Terra-Cotta Co,* 113 Mich 141, 148; 71 NW 466 (1897), *Burman v Ewald,* 192 Mich 293; 158 NW 853 (1916).

Section 1 of the mechanics' liens act requires, *inter alia,* that the party seeking the lien serve the owner with a written notice of intent to claim a lien against a building for any amounts unpaid on material or labor furnished to that building. Such notice must be served within 90 days after furnishing the first of such materials or labor.[1] MCLA 570.1; MSA 26.281, *Georgia-Pacific Corp v Central*

---

[1] The purpose of the notice is to inform the owner of the existance of claims against the property by subcontractors, materialmen, or laborers who have contracted with the original contractor. Theoretically, once informed the owner will not pay the original contractor until the lien claimants have been discharged. This procedure protects the owner from having to pay twice. *Lamont v LeFevre,* 96 Mich 175, 177; 55 NW 687 (1893), *Hartwick Lumber Co v Chonoski,* 216 Mich 424, 428; 185 NW 774 (1921), *Saginaw Lumber Co v Stirling,* 305 Mich 473, 478; 9 NW2d 680 (1943).

*Park North Co,* 394 Mich 59, 64–65; 228 NW2d 380 (1975).

However, there is a judicially created exception that one need not serve a notice of intent to claim a lien, where the lien claimant is dealing with the owner and not a contractor. *Mielis v Everts,* 264 Mich 363, 364; 249 NW 875 (1933). Since *Mielis,* no case law has examined the authority for such an exception, although subsequent cases have explained its rationale.

In *Wallich Lumber Co v Golds,* 375 Mich 323; 134 NW2d 722 (1965), the Court considered the priorities between a mechanic's lien and a mortgage. The mechanic's lien was found to have priority. The *Mielis* exception was inapplicable to the fact situation in *Wallich* and was only discussed to bolster the result. In obiter dictum the Court stated that notice was not required where the lien claimant deals directly with an owner, because the owner knows there is a claim against him. *Wallich Lumber Co v Golds, supra,* 328.

In *J Altman Companies, Inc v Saginaw Plumbing & Heating Supply Co,* 42 Mich App 747; 202 NW2d 707 (1972),[2] the *Mielis* exception was again considered and its rationale approved. However, the Court found that *Mielis* did not apply because the lien claimant did not deal directly with the

---

[2] To the extent that *J Altman Companies, Inc v Saginaw Plumbing & Heating Supply Co,* 42 Mich App 747, 751; 202 NW2d 707 (1972), indicates that *Saginaw Lumber Co v Stirling, supra,* creates a knowledge exception to the notice requirement of MCLA 570.1; MSA 26.281, we disagree. In that case, a notice of intent to claim a lien was sent by registered mail addressed to the husband and wife owners of the property in question. They claimed the lien was invalid because the notice only named the husband. The evidence showed that the notice was read by both the husband and wife. The Supreme Court held that under these circumstances there had been "substantial compliance" with the act. *Saginaw Lumber v Stirling, supra,* 479. This case merely defined compliance with the act. It did not create an exception to the notice of intent requirement.

owner or general contractor, which for the purposes of argument were considered one entity.

We are of the opinion that *Mielis*[3] was erroneously decided. Without explanation it made the following statement:

"It is first claimed that the lien of Albert Mielis is invalid because a notice of intention to claim a lien was not served upon the owners. It was not necessary. The lien claimants were dealing with the part-owner, not with a contractor. 3 Comp. Laws 1929, § 13101; *Smalley v Ashland Brown-Stone Co.,* 114 Mich 104 [72 NW 29 (1897)]." *Mielis v Everts, supra,* 364.

*Mielis'* reliance on *Smalley v Ashland Brown-Stone Co, supra,* was misplaced. That case interpreted the notice of intent to claim a lien requirement of § 1 of the mechanics' liens act of 1891 PA 179, § 1, as amended by 1893 PA 199. The *Smalley* Court found that the notice was for protection *of the subcontractor, materialman, or laborer to preserve its claim against the owner, and as such, was not a condition precedent to the lien attaching.*

However, it apparently escaped the attention of the *Mielis* Court that § 1 of the mechanics' liens act was amended by 1929 PA 264 to add the following:

"No person shall have a right to claim a lien as in this act provided, *unless and until he shall have served a notice as in this section provided,* and proof of the service of such notice shall be attached to the verified statement or account when filed with the registrar of

---

[3] The only other case that has cited *Mielis v Everts,* 264 Mich 363; 249 NW 875 (1933), is *Sadler v Winshall,* 373 Mich 378, 383; 129 NW2d 384 (1964), which was concerned with the requirements for service of a statement of lien. MCLA 570.6; MSA 26.286. *Sadler* apparently confused service of a statement of lien with service of a notice of intent to claim a lien.

deeds as provided in section five of this act." (Emphasis supplied.)[4]

*Webster v Cooper Development Co,* 266 Mich 505, 507; 254 NW 186 (1934), construed this provision to require compliance with the notice provisions of the act as a condition precedent to the acquisition of a mechanic's lien. To the extent that *Smalley v Ashland Brown-Stone Co, supra,* held otherwise it was overruled *sub silentio* by *Webster.* Therefore, the *Mielis* exception is grounded on authority no longer of precedential value.

The Court of Appeals is not bound to follow a decision of the Michigan Supreme Court if it is convinced by overwhelming authority that the Supreme Court would overrule that authority were it deciding the question today.[5] *Duncan v Beres,* 15 Mich App 318; 166 NW2d 678 (1968), *Abendschein v Farrell,* 11 Mich App 662, 680–684; 162 NW2d 165 (1968) (LEVIN, J., dissenting), *affirmed,* 382 Mich 510; 170 NW2d 137 (1969).

We believe that were *Mielis* examined today by the Supreme Court, it would be overruled for the following reasons. First, the amendment of 1929 PA 264 apparently escaped the attention of the *Mielis* court. That amendment clearly requires compliance with the notice provisions before a lien can attach. *Webster v Cooper Development Co, supra.* Second, *Mielis* failed to strictly construe the act by erroneously following obsolete law, and inadvertently judicially legislating an exception to the notice requirements. For these reasons we decline to follow *Mielis.*

---

[4] This section is the same today except that "recorded" was substituted for "filed" by 1958 PA 213.

[5] We recognize that decisions of the Michigan Supreme Court are the supreme law of the State of Michigan. By our holding we are declining to follow *Mielis, supra,* and not overrule it.

Plaintiff's final argument is that unless the defendant can demonstrate prejudice by plaintiff's delay of 141 days in serving defendant with notice of intent to claim a lien, the plaintiff should not be deprived of lien rights. We reject this contention. We hold that a strict construction of the act requires that as a condition precedent to the attachment of a lien, the lien claimant must serve notice of intent to claim a lien on the owner within 90 days of first furnishing material or performing labor. MCLA 570.1; MSA 26.281. *Webster v Cooper Development Co, supra.*

Affirmed.

Quinn, J., concurred.

R. B. Burns, J. *(dissenting).* Reluctantly, I must dissent. In my opinion we are bound by *Mielis v Everts,* 264 Mich 363; 249 NW 875 (1933). *Mielis* has not been overruled, but has been acknowledged in *Wallich Lumber Co v Golds,* 375 Mich 323; 134 NW2d 722 (1965), and *J Altman Companies, Inc v Saginaw Plumbing & Heating Supply Co,* 42 Mich App 747; 202 NW2d 707 (1972).

I do not think it appropriate for an intermediate court to decide cases contrary to established precedent of the Supreme Court.