P. H. I. CONSTRUCTION COMPANY v RIVERVIEW COMMONS
ASSOCIATES

1. MECHANICS' LIENS—GENERAL CONTRACTORS—OWNER OF PROPERTY
   —FORECLOSURES—NOTICE—DIRECT DEALING—STATUTES.

   A general contractor who deals directly with the owner of realty
   is not required to file notice of his intent to claim a mechanics'
   lien within 90 days of furnishing the first labor or materials
   pursuant to the contract before he is allowed to foreclose a
   statutory lien; the purpose of the notice is to protect the owner
   from possible unknown claims of those who have not dealt
   directly with him; therefore, such purpose is fulfilled by direct
   dealing since the owner has notice of the claim of one with
   whom he has contracted (MCLA 570.1; MSA 26.281).

2. MECHANICS' LIENS—GENERAL CONTRACTORS—STATEMENT OF AC-
   COUNT—SERVICE—PERFECTION OF LIEN—CONSTRUCTION—STAT-
   UTES.

   A contractor's sworn statement of account may be served and a
   mechanics' lien perfected at any time before the suit to fore-
   close a lien is begun; the statute regarding such statements of
   account is to be liberally construed and interpreted in such a
   way as to protect liens, not require that they be extinguished
   (MCLA 570.4; MSA 26.284).

Appeal from Wayne, George T. Martin, J. Sub-
mitted October 18, 1977, at Detroit. (Docket No.
31480.) Decided January 4, 1978.

Complaint by P. H. I. Construction Company
against Riverview Commons Associates and others
for the foreclosure of a mechanics' lien. Summary
judgment for defendants. Plaintiff appeals. Re-
versed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur 2d, Mechanics' Liens §§ 187, 188.
[2] 53 Am Jur 2d, Mechanics' Liens §§ 210, 211.

*Fraser, Trebilcock, Davis & Foster* (by *Douglas J. Austin* and *Lawrence L. Gladchun)*, for plaintiff.

*Klein, Bloom & Gale,* for defendants.

Before: T. M. BURNS, P. J., and R. B. BURNS and W. R. BROWN,* JJ.

T. M. BURNS, P. J. This case requires yet another venture into the abyss of the mechanics' lien statute, MCLA 570.1 *et seq.;* MSA 26.281 *et seq.,* for a determination of when and what a general contractor dealing directly with the owner must do before being allowed to foreclose a statutory lien. The circuit court found that plaintiff was required to file a notice of intent to claim a lien within 90 days after the project was begun, MCLA 570.1; MSA 26.281, and to file the contractor's sworn statement of account, MCLA 570.4; MSA 26.284, within 90 days of completion of the project. Since P. H. I. Construction Company failed to do either within the time mentioned, the circuit court granted summary judgment to Riverview Commons Associates and other defendants.

I

P. H. I. entered into a contract as the general contractor with Riverview Commons for the construction of a shopping center on January 5, 1973. The first labor or materials were furnished pursuant to the contract on February 7, 1973. The last labor or materials were furnished on March 31, 1975. Within 90 days of this last date, June 20, 1975, the contractor recorded its lien statement with the Wayne County Register of Deeds. MCLA 570.5; MSA 26.285. Immediately before the com-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaint was filed in this case, June 14, 1976, P. H. I. served a sworn statement of account on Riverview Commons. No notice of intent to claim a lien was ever served on the owner.

## II

The trial court found that P. H. I.'s failure to serve notice of intent to claim a lien within 90 days of furnishing the first labor or materials pursuant to the contract invalidated P. H. I.'s claim to a lien. The trial court apparently relied upon this court's split panel decision in *Burton Drywall, Inc v Kaufman,* 69 Mich App 85; 244 NW2d 367 (1976), *lv granted,* 399 Mich 875 (1977). P. H. I. asked that *Burton Drywall* not be followed or, alternatively, that it be applied only to projects begun after its release date.

We do not believe that *Burton Drywall* is controlling. Rightly or wrongly, the Supreme Court has stated that a contractor dealing directly with the owner is not required to file notice of intent to claim a lien, even after the amendment to the statute by 1929 PA 264. *Mielis v Everts,* 264 Mich 363, 364; 249 NW 875 (1933), *Wallich Lumber Co v Golds,* 375 Mich 323, 328; 134 NW2d 722 (1965). Members of the construction industry have understandably relied upon these pronouncements.

Nor should the lien be defeated by the contractor's failure to give this notice. The purpose of the notice is to protect the owner from possibly unknown claims of those who have not dealt directly with him. The owner has notice of the claim of one with whom he has contracted. *Wallich Lumber Co, supra.* The owner should not be allowed to use a statute designed for his protection to defeat a lien where the purpose of the statute, notice, is fulfilled by direct dealing.

It is also clear that the panel in *Burton Drywall* was not required to address the direct dealing exception. Burton Drywall was a subcontractor dealing with the general contractor, not the owner. The general contractor had an interest in the ownership of the realty, but they were not the same entity. The owner of the general contractor was only one of the three partners in the ownership of the realty. Rather than attempting to strike down the direct dealing exception, the panel should have found it inapplicable. *Cf. J Altman Co's, Inc v Saginaw Plumbing & Heating Supply Co,* 42 Mich App 747; 202 NW2d 707 (1972).

The trial court erred in granting summary judgment because P. H. I. failed to serve notice of intent to claim a lien within 90 days after the furnishing of the first labor or materials. Notice of intent to claim a lien was unnecessary because P. H. I. dealt directly with the owners of the realty.

III

The circuit court also found that P. H. I.'s claimed lien must fail because it had failed to timely serve the statement of account required by MCLA 570.4; MSA 26.284, on the owner. P. H. I. argues that it may serve this statement on the owner within the one year allowed to foreclose liens, MCLA 570.9; MSA 26.289, if it has timely recorded its statement of lien with the register of deeds, MCLA 570.5; MSA 26.285. Riverview Commons agrees that service of the § 4 statement may occur after the statement of lien, § 5, is recorded, but argues that it must occur within the same 90 days allowed for recording the statement of lien.

Unlike the other sections of the statute, § 4 does

not contain its own time limit within which the statement of account required therein must be filed or the lien lost. In relevant part, the statute provides:

> "The original contractor shall, whenever any payment of money shall become due from the owner * * * or whenever he desires to draw any money from the owner, * * * on such contract, make out and give to the owner, * * * a statement under oath of the number and names of every subcontractor or laborer in his employ, and of every person furnishing materials, giving the amount, if anything, which is due or to become due to them, or any of them, for work done or materials furnished, * * * . Until the statement provided for in this section is made, in manner and form as herein provided, the contractor shall have no right of action or lien against the owner * * * on account of such contract * * * ." MCLA 570.4; MSA 26.284.

The statute states only that until the sworn statement is served, the lien does not attach and no action can be maintained. It does not provide guidance on when the statement must be filed or the possibility of a lien forever lost. Nor have the cases specifically addressed this point. All that can be said from examination of the prior cases is that serving the sworn statement within the period for recording the lien is sufficient, while serving it beyond the period for enforcing the lien under MCLA 570.9; MSA 26.289, is not. Compare, *e.g.,* *Dittmer v Bath,* 117 Mich 571; 76 NW 89 (1898), with *Holliday v Mathewson,* 146 Mich 336; 109 NW 669 (1906), and *River Rouge Savings Bank v S & M Building Co,* 359 Mich 189, 201; 101 NW2d 260; 91 ALR2d 409 (1960).

The Supreme Court has recently held that the statute should be liberally construed, *Spartan Asphalt Paving Co v Grand Ledge Mobile Home*

*Park,* 400 Mich 184, 188–189; 253 NW2d 646 (1977), seemingly overruling a long line of cases which had limited liberal construction of the various provisions to a period after the lien had attached. See, MCLA 570.27; MSA 26.307.

Approaching the question in that light, we hold that the § 4 sworn statement of account may be served, and the lien perfected, at any time before the suit to foreclose a lien is begun. Strangers to the contract are given constructive notice of the contractor's claim by the statement of lien recorded with the register of deeds within 90 days of the completion of the project P. H. I. timely recorded its statement of lien in this case. The owner is protected from claims for double payment from subcontractors, laborers or materialmen by his right to require a sworn statement before making any payments to the contractor. The statute should be interpreted in such a way as to protect liens, not require that they be extinguished.

In light of the above, the circuit court erred in granting summary judgment to Riverview Commons on the basis that P. H. I. failed to comply with § 4. The case is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded. No costs.